AMWAY CORPORATION v DEPARTMENT OF TREASURY

Docket No. 105020. Submitted December 22, 1988, at Lansing. De-
cided April 3, 1989. Leave to appeal applied for.

Amway Corporation filed single business tax returns for the fiscal
years 1976 through 1979. In its returns for the years 1976
through 1978, it included one hundred percent of the value of
its truck and aircraft fleets as Michigan property for the
purpose of determining the numerator of the property factor in
the apportionment formula under MCL 208.46; MSA 7.558(46).
The returns also included estimates of value of Amway's con-
struction in progress in Michigan and elsewhere for the pur-
pose of determining the numerator and denominator of the
property factor. In 1980, the Department of Treasury audited
Amway's single business tax liabilities for 1976 through 1979.
In February, 1982, the department issued a notice of intent to
assess additional single business taxes of around $761,000, plus
interest for the years 1976 through 1979. Amway filed amended
single business tax returns for the years 1976 through 1978, in
which it treated property and sales items the same way as it
had done on its 1979 return, i.e., Amway apportioned the value
of its truck and aircraft fleet to include only the time that the
property spent in Michigan to determine the property factor
under MCL 208.46; MSA 7.558(46). The value of Amway's
construction in progress was deleted entirely from the numera-
tor and denominator of the property factor. Amway sales made
in Kentucky were not included in the Michigan sales factor in
the apportionment formula under MCL 208.51; MSA 7.558(51).
Amway claimed a tax refund of around $142,000. A Depart-
ment of Treasury conference between Amway and the depart-
ment resulted in the referee's finding that all of Amway's
mobile property should be considered Michigan property under
§ 46, all of the value of Amway's construction in progress
should be used to determine the property factor under § 46, and
that Amway sales made in Kentucky should be considered

REFERENCES

Am Jur 2d, State and Local Taxation §§ 569-577, 1068, 1069.
Right to interest on tax refund or credit in absence of specific
controlling statute. 88 ALR2d 823.

Michigan sales for the purpose of determining the sales factor because Amway was not subject to taxation in Kentucky. The department's notice of intent was finalized and issued. In June, 1984, Amway paid assessed taxes and accrued interest of around $1,168,000 and demanded a refund of about $512,000 for taxes erroneously assessed for the years 1976 through 1979, plus interest on that amount and interest on properly assessed taxes incurred due to the delay in processing its case. In July, 1984, Amway objected to the notice of intent to assess. The department upheld the assessment. Amway filed a complaint in the Court of Claims alleging that the Department of Treasury erred in failing to (1) apportion the mobile property, (2) exclude the value of its construction in progress, and (3) exclude its Kentucky sales from Michigan sales. Amway moved for summary disposition. The motion was denied, James T. Kallman, J., and the court granted summary disposition in favor of the Department of Treasury. Amway appealed.

The Court of Appeals *held:*

1. The department correctly concluded that Amway's mobile property should be considered Michigan property for the purpose of computing the numerator of the property factor under § 46. The court did not err in granting summary disposition in favor of the department on this issue.

2. Amway's property under construction was owned in the State of Michigan, therefore the department correctly concluded that its value should be used to calculate the property factor under § 46. The court did not err in granting summary disposition in favor of the department on this issue.

3. The department correctly considered Amway's Kentucky sales as Michigan sales for the purpose of determining the numerator of Amway's sales factor under § 51. Amway has no nexus with Kentucky by which Kentucky could legally subject Amway to a tax.

4. Amway is not entitled to a refund of the interest that accrued due to the department's delay in processing the case. The department was not operating under time constraints, and Amway has not shown any prejudice because of the delay.

Affirmed.

1. TAXATION — SINGLE BUSINESS TAX — MOBILE PROPERTY.

The entire value of a Michigan corporation's leased fleet of trucks registered in Michigan and its fleet of aircraft should be included as Michigan property in the numerator of the property factor under § 46 of the Single Business Tax Act even though

the property is sometimes used outside the State of Michigan; the statute does not require that the property must actually be used in Michigan (MCL 208.46; MSA 7.558[46]).

2. TAXATION — SINGLE BUSINESS TAX — PROPERTY UNDER CONSTRUCTION.

The value of property under construction in the State of Michigan and either owned or rented by a Michigan corporation should be used to determine the property factor for purposes of § 46 of the Single Business Tax Act in determining the corporation's single business tax liability; there is no requirement that the property already be in use before its value may be considered (MCL 208.46; MSA 7.558[46]).

3. TAXATION — SALES TAX — INCOME TAX — TAX ON PRIVILEGE OF DOING BUSINESS — SUBSTANTIAL NEXUS.

States cannot impose a tax upon sales, income, or the privilege of doing business within a state unless there is a substantial nexus between the state and the business being taxed.

4. TAXATION — SINGLE BUSINESS TAX — OUT-OF-STATE SALES.

The State of Michigan may consider sales in other states part of a Michigan corporation's Michigan sales for purposes of determining the numerator of the corporation's sales factor under § 51 of the Single Business Tax Act where the other state has no nexus with the corporation by which it can legally subject the corporation to a tax (MCL 208.51, 52; MSA 7.558[51],[52]).

5. TAXATION — INTEREST ON ASSESSMENTS — DELAY — PREJUDICE.

A taxpayer is not entitled to a refund of interest which accrued on a contested tax assessment during the Department of Treasury's processing of the case where the department was not operating under any time constraints and the taxpayer suffered no prejudice due to the delay because it had the use of the money owed during that delay.

*Raymond & Dillon, P.C.* (by *Joseph F. Dillon, Robert E. Forrest,* and *John R. Trentacosta*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for defendant.

Before: Michael J. Kelly, P.J., and Gribbs and V. L. Washington,* JJ.

Michael J. Kelly, P.J. Plaintiff, Amway Corporation, appeals from a Court of Claims order denying its motion for summary disposition and dismissing its complaint against defendant, Michigan Department of Treasury.

Amway is a Michigan corporation which manufactures and sells products to independent distributors in all fifty states. Amway operates several regional warehouses, called distribution centers, to supply its distributors. Amway uses a fleet of leased trucks to transport its products to the centers. These trucks are registered in Michigan. Amway also uses a fleet of aircraft to transport its employees to various locations.

The Single Business Tax Act, MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.*, levies a tax on the privilege of doing business in Michigan. MCL 208.31(4); MSA 7.558(31)(4). If a business is involved in interstate commerce, its tax base is apportioned by a formula to determine the percentage of business activity attributable to Michigan. MCL 208.45; MSA 7.558(45).

Amway filed single business tax returns for the fiscal years 1976 through 1979. In the returns for 1976-78, Amway included one hundred percent of the value of its truck and aircraft fleets as Michigan property for the purpose of determining the numerator of the property factor in the apportionment formula under MCL 208.46; MSA 7.558(46). The returns also included estimates of value of Amway's construction in progress in Michigan and elsewhere for the purpose of determining the numerator and denominator of the property factor under § 46.

* Circuit judge, sitting on the Court of Appeals by assignment.

In August of 1980, the Department of Treasury audited Amway's single business tax liabilities for 1976-79. In February of 1982, the department issued a notice of intent to assess additional single business taxes of around $761,000 plus interest for 1976-79. In March of 1982, Amway filed amended single business tax returns for the years 1976-78, in which it treated property and sales items the same way as it had done on its 1979 return. In these amended returns, Amway *apportioned* the value of its truck and aircraft fleet to include only the time that that mobile property spent in Michigan to determine the property factor under § 46. The value of Amway's construction in progress was deleted entirely from the numerator and denominator of the property factor. Amway sales made in the State of Kentucky were not included in the Michigan sales factor for the purpose of determining the numerator of the sales factor in the apportionment formula under MCL 208.51; MSA 7.558(51). Amway claimed a tax refund of around $142,000.

A department hearing referee conducted a conference between Amway and the department in May of 1982. The referee issued a report containing his conclusions in January of 1984. The referee rejected Amway's arguments, concluding that one hundred percent of Amway's mobile property should be considered Michigan property under § 46, that one hundred percent of the value of Amway's construction in progress should be used to determine the property factor under § 46, and that Amway sales made in Kentucky should be considered Michigan sales for the purpose of determining the sales factor because Amway was not subject to taxation in Kentucky. The department's notice of intent was finalized and issued.

In June of 1984, Amway paid assessed taxes and

accrued interest of around $1,168,000. Amway demanded a refund of about $512,000 for taxes erroneously assessed for years 1976-79, plus interest on that amount and interest on properly assessed taxes incurred due to the delay in processing its case. In July of 1984, Amway objected to the notice of intent to assess. The department upheld the assessment. In December, 1984, Amway filed a complaint in the Court of Claims, alleging that the department erred in failing to (1) apportion the mobile property, (2) exclude the value of its construction in progress, and (3) exclude its Kentucky sales from Michigan sales. Amway moved for summary disposition pursuant to MCR 2.116(C)(10). The court denied Amway's motion and granted summary disposition to the department pursuant to MCR 2.116(I)(2), dismissing Amway's complaint. Amway appeals this dismissal, raising four issues on appeal.

I

Amway claims that the lower court erred in holding that the department correctly concluded that the entire value of Amway's mobile property be included as Michigan property in the numerator of the property factor under § 46. Amway argues that the Single Business Tax Act requires use in the state as a prerequisite for the inclusion of the property's value in determining the property factor under § 46 of the act. We disagree.

Section 46 of the Single Business Tax Act provides:

The property factor is a fraction, the numerator of which is the average value of the taxpayer's real and tangible personal property owned or rented in this state during the tax year and the denominator of which is the average value of all

the taxpayer's real and tangible personal property owned or rented during the tax year. [MCL 208.46; MSA 7.558(46).]

This language does not state that the property must actually be used in Michigan, nor can such a use requirement be inferred. A cardinal rule of statutory interpretation is that a court not speculate regarding the probable intent of the Legislature beyond the words employed in the statute; where statutory language is clear and unambiguous, the statute must be applied rather than interpreted. *Pi-Con, Inc v A J Anderson Construction Co,* 169 Mich App 389, 395; 425 NW2d 563 (1988). Another principle of statutory construction is that the express mention of one thing implies exclusion of other similar things. *Elliott v Genesee Co,* 166 Mich App 11, 15; 419 NW2d 762 (1988). We note that the Legislature has included a use requirement in the language of other tax statutes. MCL 206.116; MSA 7.557(1116). Had the Legislature intended to impose a use requirement under § 46 of the Single Business Tax Act, it would have done so in the words and language of the section. In the absence of such an explicit requirement, we decline to inject a use requirement into the otherwise clear and unambiguous statutory language.

The department correctly concluded that Amway's mobile property should be considered Michigan property for the purpose of computing the numerator of the property factor under § 46. The trial court did not err in granting summary disposition to defendant on this issue.

II

Amway claims that the lower court and the department erroneously concluded that the value

of Amway's property under construction should be used to determine its property factor under § 46 of the act. Amway argues that because this property was not yet in use in Michigan, its value cannot be used to determine the property factor under § 46. We disagree. As previously noted, there is no explicit or implicit "use requirement" under § 46; the only requirement is that this property be either owned or rented in this state. MCL 208.46; MSA 7.558(46). Since Amway's property under construction was owned in the State of Michigan, the department correctly concluded that its value should be used to calculate the property factor under § 46. The trial court did not err in granting summary disposition to defendant on this issue.

III

Amway also claims that the lower court erred by concluding that the department correctly considered its Kentucky sales as Michigan sales for the purpose of determining the numerator of Amway's sales factor under § 51 of the Single Business Tax Act. Amway argues that it was subject to taxation in Kentucky for the purposes of the act, so its sales in Kentucky should not be considered Michigan sales under the act. We disagree.

Section 51 of the act defines the sales factor:

> The sales factor is a fraction, *the numerator of which is the total sales of the taxpayer in this state* during the tax year, and the denominator of which is the total sales of the taxpayer everywhere during the tax year. [MCL 208.51; MSA 7.558(51). Emphasis added.]

Section 52 of the act defines when sales are considered to be in Michigan:

Sales of tangible personal property are in this state if:

(a) The property is shipped or delivered to a purchaser, other than the United States government, within this state regardless of the free on board point or other conditions of the sales.

(b) The property is shipped from an office, store, warehouse, factory, or other place of storage in this state and the purchaser is the United States government, *or the taxpayer is not taxable in the state of the purchaser.* For the purposes of this subdivision only, "state" means any state of the United States, the District of Columbia, the commonwealth of Puerto Rico, any territory or possession of the United States, or political subdivision thereof. [MCL 208.52; MSA 7.558(52). Emphasis added.]

Section 42 of the act defines the circumstances under which a taxpayer is considered taxable in another state:

For purposes of apportionment of the tax base from business activities under this act, a taxpayer is taxable in another state if, (a) in that state he is subject to a business privilege tax, a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business or a corporate stock tax, a tax of the type imposed under this act, or (b) *that state has jurisdiction to subject the taxpayer to 1 or more of the taxes regardless of whether, in fact, the state does or does not.* [MCL 208.42; MSA 7.558(42). Emphasis added.]

Although Amway did pay a nominal fee when it filed its annual reports in Kentucky, it is not presently subject to any taxation by the State of Kentucky. But, Amway argues, Kentucky has jurisdiction to subject it to one or more of these taxes so it is still taxable in Kentucky under § 42b.

We disagree with this assertion. States cannot impose a tax upon sales, income, or the privilege of doing business within a state unless there is a substantial nexus between the state and the business being taxed. 15 USC 381, 383; *Complete Auto Transit, Inc v Brady,* 430 US 274, 279; 97 S Ct 1076; 51 L Ed 2d 326 (1977), reh den 430 US 976 (1977). Amway did not have employees in Kentucky or own or rent property in that state. Although Amway apparently did solicit orders and make sales in Kentucky through independent contractors and is registered to do business in Kentucky, these activities do not constitute a sufficient nexus to allow Kentucky to tax Amway. 15 USC 381(a), (c). Amway has no nexus with Kentucky by which that state could legally subject Amway to a tax. Since Kentucky does not have jurisdiction to tax Amway, Amway is not taxable by Kentucky under § 42. Thus, Amway's Kentucky sales are considered Michigan sales under §§ 51 and 52.

The department correctly considered Amway's Kentucky sales as Michigan sales for the purpose of determining the numerator of Amway's sales factor under § 51.

IV

Amway also argues that it is entitled to a refund of the interest that accrued due to the department's delay in processing its case. We disagree.

An abatement of interest may be an appropriate remedy when interest accrues due to excessive delays which are not attributable to the taxpayer. *Holloway Sand & Gravel Co, Inc v Dep't of Treasury,* 152 Mich App 823, 837; 393 NW2d 921 (1986); *Master Craft Engineering, Inc v Dep't of Treasury,* 141 Mich App 56, 74-75; 366 NW2d 235 (1985). The department did take a long time to

process Amway's case. However, this does not entitle Amway to an abatement of interest. Unlike the *Holloway* or *Master Craft* cases, the department was not operating under any statutory time constraints in this case. Additionally, Amway has not shown that this delay prejudiced it in any way. Since Amway did not pay the department's assessment until June of 1984, it had the use of the money owed to the state during that delay. Amway is not entitled to a refund of interest accrued.

Affirmed.