HONIG v LIDDY

Docket No. 141183. Submitted March 2, 1993, at Detroit. Decided
March 16, 1993, at 9:25 A.M.

Diana Honig brought an action in the Wayne Circuit Court
against Deborah and James Liddy, seeking damages for injuries
sustained when she was thrown from a horse owned by Debo-
rah Liddy on March 7, 1987. She suffered a head injury, and
the parties assume that she was disabled for at least ten weeks
after the accident and that she recovered, at least to the point
at which the injury no longer rendered her incompetent, by the
end of 1988. She filed her complaint on May 21, 1990, three
years and ten weeks after the claim accrued. The court, Rich-
ard P. Hathaway, J., granted summary disposition for the
defendants, finding that the plaintiff either had three years
from the date of her injury, pursuant to MCL 600.5805(8); MSA
27A.5805(8), or one year from the date that her disability
ended, pursuant to MCL 600.5851(1); MSA 27A.5851(1), to file
her complaint, and that the complaint was untimely under
either of these alternatives. The plaintiff appealed, alleging
that the running of the three-year limitation period was tolled
during the time she was disabled.

The Court of Appeals *held:*

MCL 600.5851(1); MSA 27A.5851(1) does not toll the running
of the three-year period of limitation of MCL 600.5805(8); MSA
27A.5805(8), but instead exempts certain claims from the bar of
the statute. Because the plaintiff did not file her complaint
within the three-year period provided by § 5805(8) or within
one year after her disability was removed, as provided by
§ 5851(1), her claim was barred.

Affirmed.

NEGLIGENCE — LIMITATION OF ACTIONS — DISABILITIES — ONE-YEAR
GRACE PERIOD.

The statute that allows plaintiffs under certain disabilities to

REFERENCES

Am Jur 2d, Limitation of Actions § 178.

Tolling of state statute of limitations in favor of one commencing
action despite existing disability. 30 ALR4th 1092.

bring an action one year after a disability is removed does not toll the running of the general statute of limitations applicable to·the action; rather, it exempts certain claims from the bar of the general statute of limitations and allows the filing of a claim within one year after the disability is removed (MCL 600.5851[1]; MSA 27A.5851[1]).

*Welch, MacAlpine, Bahorski, Bieglecki & Farrell, P.C.* (by *John B. Farrell*), for the plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Kenneth C. Merritt* and *Noreen L. Slank*), for the defendants.

Before: WAHLS, P.J., and WEAVER and CORRIGAN, JJ.

PER CURIAM. In this negligence action, plaintiff appeals as of right from an order of the Wayne Circuit Court that granted defendants' motion for summary disposition, brought pursuant to MCR 2.116(C)(7). The trial court held that plaintiff's action was barred by the expiration of the period of limitation. We agree and affirm.

Plaintiff[1] suffered a head injury in a horse-riding accident on March 7, 1987. According to an affidavit filed in opposition to defendants' motion, "at least through May of 1987, [plaintiff] was not yet capable of functioning with the cognitive abilities attendant to her pre-injury condition." The parties assume that plaintiff was disabled for at least ten weeks after the accident and that she recovered, at least to the point where she was no longer incompetent, by the end of 1988. Plaintiff filed her complaint on May 21, 1990.

The parties agree that the three-year statute of limitations, MCL 600.5805(8); MSA 27A.5805(8), applies to this case. Plaintiff's complaint was filed

---

[1] Diana Honig is the only party plaintiff. Although her husband was later included as a plaintiff on pleadings in the trial court, he was never added as a party and no claim was ever pleaded on his behalf.

three years and ten weeks after her claim accrued. The question is whether plaintiff may avoid the statute's bar by resort to MCL 600.5851(1); MSA 27A.5851(1), which provides, in part:

> [I]f the person first entitled to . . . bring an action is under 18 years of age, *insane,* or imprisoned at the time the claim accrues, the person . . . shall have *1 year after the disability is removed* through death or otherwise, to . . . bring the action *although the period of limitations has run.*

Subsection 5 of the statute refers to the one-year period as "the year of grace." MCL 600.5851(5); MSA 27A.5851(5).

Plaintiff claimed, and for the purpose of the motion defendants did not dispute, that her injuries rendered her "insane" within the meaning of § 5851, which is to say, incompetent. Plaintiff argued that, under § 5851, the running of the three-year limitation period was tolled during the time she was disabled. The trial court disagreed, holding that plaintiff had either three years from the day of her injury or one year from the day her disability ended to file her complaint. Because plaintiff's complaint was untimely under either of these alternatives, defendants were granted summary disposition. Plaintiff now appeals, and again argues that her disability tolled the running of the three-year period of limitation.

Some published opinions of this Court in which the issue we face was not raised have unfortunately referred to § 5851 as a provision "which tolls the statute of limitations." *Hawkins v Justin,* 109 Mich App 743, 746; 311 NW2d 465 (1981). See also *Geisland v Csutoras,* 78 Mich App 624; 261 NW2d 537 (1977). We believe that this generalization is incorrect; perhaps a more accurate descrip-

tion of § 5851 is found in the statute itself—a year of grace.

Section 5851 does not expressly provide for the tolling of the general statute of limitations. Rather, it allows disabled plaintiffs additional, separate protection from the bar of the statute of limitations, protection that is independent of the running of the statute. By its terms, § 5851 allows plaintiffs under certain disabilities to bring an action "1 year after the disability is removed . . . *although the period of limitations has run." Id.* The clear meaning of the emphasized language is that § 5851 does not toll the running of the statute of limitations, but instead exempts certain claims from the bar of the statute. Because plaintiff did not file her complaint within the three-year period of limitation or within one year after her disability was removed, her claim is barred. See *Kelly v Richmond,* 156 Mich App 699, 703-704; 402 NW2d 73 (1986).

Affirmed.