HOWARD v CLINTON CHARTER TOWNSHIP

Docket No. 201203. Submitted March 5, 1998, at Detroit. Decided July 14, 1998, at 9:05 A.M.

Donald P. Howard brought an action in the Macomb Circuit Court against Clinton Charter Township, the Clinton Township Treasurer, and the Macomb County Treasurer, seeking declaratory and injunctive relief and a writ of mandamus to prevent the defendants from collecting installment payments of a special assessment that was secured by a lien against property he acquired at a tax sale. The plaintiff contended that the special-assessment lien was canceled when he took title by tax deed pursuant to MCL 211.72; MSA 7.117, which at the time the plaintiff purchased the property and before its amendment by 1993 PA 202 provided: "[t]he tax deeds shall convey an absolute title to the land sold, and constitute conclusive evidence of title, in fee, in the grantee, subject, however, to all taxes assessed and levied on such lands subsequent to the taxes for which the same was bid off." The plaintiff argued that postsale installments of special assessments are not "taxes assessed and levied . . . subsequent to the taxes for which the same was bid off" and that he was entitled to take title to the property free and clear of the unpaid installments of the special assessment. The court, Lido V. Bucci, J., dismissed the action on the defendants' motion for summary disposition. The plaintiff appealed.

The Court of Appeals *held*:

1. The preamendment statute does not provide for cancellation of future installments of special assessments. Such cancellation cannot be inferred or implied inasmuch as the plaintiff did not meet his burden of proving that the Legislature had intended such cancellation.

2. In view of an express and clear provision for the cancellation of unpaid special assessments under another provision of the tax statute, MCL 211.67; MSA 7.112, the Legislature would have clearly and unambiguously provided for similar cancellation under the preamendment version of MCL 211.72; MSA 7.117 had it been its intent to do so.

3. The Legislature intended, *as a general rule*, for property owners who benefit from an improvement paid for by special assess-

ment to incur the financial burden of that assessment. It would be contrary to public policy to interpret MCL 211.72; MSA 7.117 as canceling future installments of special assessments because the entire community would be forced to bear the financial burden for an improvement that specifically benefited the plaintiff's property.

4. The 1993 amendment of MCL 211.72; MSA 7.117 merely clarified the language of the statute and did not effect a substantive change in law that was applied retroactively to the plaintiff's detriment.

Affirmed.

TAXATION — TAX SALES — INSTALLMENTS OF SPECIAL ASSESSMENTS.

Installments of a special assessment secured by a lien on property sold at a tax sale are not canceled upon conveyance of the property by tax deed and were not even before October 19, 1993, the effective date of an amendment of the applicable statute to specifically so provide (MCL 211.72; MSA 7.117).

*Donald P. Howard & Associates, P.C.* (by *Donald P. Howard*), for Donald P. Howard.

*York, Dolan & Ciaramitaro, P.C.* (by *Timothy D. Tomlinson*), for Clinton Charter Township and Clinton Township Treasurer.

*Frank Krycia*, Assistant Corporation Counsel, for Macomb County Treasurer.

Before: HOLBROOK, JR., P.J., and WHITE and J. W. FITZGERALD* , JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting summary disposition to defendants pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff purchased a tax lien on the subject property at a tax sale on May 5, 1992. At the time of the sale, plaintiff paid the outstanding taxes as well as the past due special assessments against the property,

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

which were included in the purchase price. He was not required to pay the future installments on the existing special assessment at that time. The owner of the property failed to redeem the property and plaintiff took title by tax deed pursuant to MCL 211.70; MSA 7.115 and MCL 211.72; MSA 7.117 on June 17, 1993. The future installments on the special assessment were secured by a lien against the property. Plaintiff paid future installments under protest, claiming that all special assessment liens on the property were canceled when he received title to the property and that the lien was illegal.

At the time plaintiff purchased the property, MCL 211.72; MSA 7.117 provided, in pertinent part:

> The tax deeds shall convey an absolute title to the land sold, and constitute conclusive evidence of title, in fee, in the grantee, subject, however, to all taxes assessed and levied on such lands subsequent to the taxes for which the same was bid off.

The statute was amended pursuant to 1993 PA 202, effective October 19, 1993, to provide:

> The tax deeds convey an absolute title to the land sold, and constitute conclusive evidence of title, in fee, in the grantee, subject, however, to all taxes assessed and levied on the land subsequent to the taxes for which the land was bid off. *This title also is subject to unpaid special assessments and unpaid installments of special assessments.*

Plaintiff argues that future installments of special assessments are not included in "taxes assessed and levied on [the land] subsequent to the taxes for which the [land] was bid off" under the pre-amendment statute, and, therefore, he was entitled to take title to the

property free of the unpaid installments of the existing special assessment. We disagree.

This case presents an issue of statutory interpretation. The first criterion in determining legislative intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the language is clear and unambiguous, judicial construction is neither required nor permitted, and the court must apply the statute as written. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). However, if reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. *Dep't of Social Services v Brewer*, 180 Mich App 82, 84; 446 NW2d 593 (1989).

Here, the preamendment statute did not specifically address future installments of existing special assessments, but rather provided for absolute title to pass "subject, however, to all taxes assessed and levied on such lands subsequent to the taxes for which the same was bid off." Because reasonable minds could differ with regard to whether unpaid future installments of special assessments are canceled because they were not "assessed and levied on [the land] subsequent to the taxes for which the [land] was bid off," the statute is ambiguous and judicial construction is appropriate. To conduct this inquiry, we must look to the object of the statute and apply a reasonable construction that best accomplishes its purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

On review de novo, we conclude that plaintiff's interpretation of the statute is insupportable. First, the preamendment statute did not expressly provide

for cancellation of future installments of special assessments. In this context, where plaintiff is seeking cancellation of an otherwise valid special assessment, we find the rules of statutory construction regarding tax exemptions to be helpful. In *Detroit v Detroit Commercial College*, 322 Mich 142, 148-149; 33 NW2d 737 (1948), our Supreme Court quoted the following from 2 Cooley on Taxation (4th ed), § 672, p 1403:

> "An intention on the part of the legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. . . . Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it."

Here, the Legislature did not clearly and unambiguously provide for cancellation of unpaid future special assessments on property sold at a tax sale, and plaintiff has not met his burden of proof that such an interpretation is reasonable.

Second, contrasted with the language of § 72, we note that the Legislature has expressly and clearly provided for cancellation of unpaid special assessments under another provision of the tax statutes. Where property is bid into the state and not redeemed, absolute title is vested in the state. MCL 211.67; MSA 7.112. When this occurs, all taxes and

special assessments that are charged against or are liens on the property at the time title becomes absolute in the state are canceled,[1] the property is removed from the tax rolls, and the state and its inferior taxing units must bear the loss. MCL 211.67a(2); MSA 7.112(1)(2); *Wayne Co Chief Executive v Mayor of Detroit*, 211 Mich App 243, 244; 535 NW2d 199 (1995). The property is again subject to taxation and special assessment immediately after it is offered for sale and a bid is accepted. MCL 211.67a(2); MSA 7.112(1)(2). Had the Legislature intended to cancel unpaid installments of special assessments for property that is sold at a tax sale and not redeemed, we believe it would have done so in clear and unambiguous language as it did in § 67a. See *Amway Corp v Dep't of Treasury*, 176 Mich App 285, 291; 438 NW2d 904 (1989), modified on other grounds 433 Mich 908 (1989). Moreover, the policy underlying the cancellation of taxes and assessments for property bid into the state pursuant to § 67a is "to attract prospective buyers and ultimately restore the property to the tax rolls." *Wayne Co Chief Executive*, *supra* at 247. That policy has no import where, as here, the property is sold at a tax sale and thereby returned to the tax rolls, rather than bid into the state. Hence, we conclude that the legislative scheme contemplates that the property owner who redeems or the purchaser at a tax sale will pay an amount suf-

---

[1] Certain special assessments are not actually canceled, but are deferred. If the property is later sold by the state, these special assessments are due and payable as part of the purchase price of the property. MCL 211.67a(3); MSA 7.112(1)(3). If the Legislature intended that these assessments would ultimately be paid by the purchaser of the property from the state, there is no reason to believe that it intended to relieve the purchaser at the tax sale of this burden.

ficient to cover the taxes and charges owed, and that the redemption or sale will be subject to all subsequent tax liabilities.

Third, we find that the Legislature intended, as a general rule, for property owners who benefit from an improvement paid for by a special assessment to incur the financial burden of that assessment. See *Carmichael v Village of Beverly Hills*, 30 Mich App 176, 180; 186 NW2d 29 (1971). Thus, it would be contrary to public policy to interpret § 72 as canceling future installments of special assessments because the entire community would be forced to bear the financial burden for an improvement that specifically benefited plaintiff's property. *Id.*

Finally, contrary to plaintiff's argument, we find that the 1993 amendment of § 72 did not effect a substantive change in the law that was applied retroactively to plaintiff's detriment. This finding is supported by the House Legislative Analysis and Senate Fiscal Agency Bill Analysis of 1993 PA 202, which indicate that the 1993 amendment was merely intended to clarify the language of the statute, rather than to effect a substantive change in the law. See *Ettinger v Lansing*, 215 Mich App 451, 455; 546 NW2d 652 (1996).

Given the foregoing, we hold that plaintiff was not entitled to have the future installments of the special assessment on the subject property canceled pursuant to MCL 211.72; MSA 7.117. Accordingly, summary disposition was properly granted to defendant.