## CASEY v HENRY FORD HEALTH SYSTEM

Docket No. 204393. Submitted April 7, 1999, at Detroit. Decided May 4, 1999, at 9:05 A.M. Leave to appeal denied, 461 Mich 860.

Shelley Casey, as next friend of her minor son, Scott Casey, brought an action in 1994 in the Wayne Circuit Court against Henry Ford Health System, alleging medical malpractice attendant to the child's birth in 1987. The defendant moved for summary disposition on the basis that the claim was barred by the applicable statutory period of limitation. The court, Deborah A. Thomas, J., denied the defendant's motion for summary disposition, finding that because the minor child was under the age of thirteen the action could be brought at any time before the child's fifteenth birthday pursuant to the provisions of MCL 600.5851(7); MSA 27A.5851(7) before its amendment by 1993 PA 78, that the six-year limitation of MCL 600.5838a(2); MSA 27A.5838(1)(2) before its amendment by 1993 PA 78 did not apply with respect to actions commenced pursuant to subsection 5851(7), and that, accordingly, the action was brought in a timely manner. The defendant appealed by leave granted.

The Court of Appeals *held*:

The provision of subsection 5838a(2) providing that a "claim shall not be commenced later than six years after the date of the act or omission which is the basis for the claim" was intended to act only as a limitation on the bringing of medical malpractice actions brought pursuant to the provision of the preceding sentence of that subsection that permits such actions to be brought within six months after a plaintiff discovers or should have discovered the existence of a claim. The six-year limitation of subsection 5838a(2) did not act as a limitation on the minority tolling provision of MCL 600.5851(1); MSA 27A.5851(1). Accordingly, the trial court properly held that the plaintiff's action was brought in a timely manner.

Affirmed.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — MINORS.

The six-year limitation of MCL 600.5838a(2); MSA 27A.5838(1)(2) before its amendment by 1993 PA 78 on the bringing of medical malpractice actions acts as a limitation on actions brought pursu-

ant to the six-month discovery provision of the preceding sentence of that subsection, but does not act as a limitation with respect to actions brought pursuant to the provision of MCL 600.5851(7); MSA 27A.5851(7) before its amendment by 1993 PA 78 relating to actions by persons whose causes of action arise when they are the age of thirteen or less.

*Fieger, Fieger & Schwartz, P.C.* (by *Geoffrey N. Fieger* and *Todd J. Weglarz*), for the plaintiff.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman, Linda M. Garbarino*, and *Christina A. Ginter*), for the defendant.

Before: SAAD, P.J., and MURPHY and O'CONNELL, JJ.

O'CONNELL, J. Plaintiff brought suit on behalf of her minor son in 1994, when the child was eight years old, alleging medical malpractice attendant to the child's birth in 1987. Defendant moved in the trial court for summary disposition pursuant to MCR 2.116(C)(7), arguing that the claim was barred by the applicable statutory period of limitation. The trial court disagreed and denied the motion. Defendant appeals by leave of this Court. We affirm.

Statutory interpretation is a question of law calling for review de novo. *Michigan Basic Property Ins Ass'n v Ware*, 230 Mich App 44, 48; 583 NW2d 240 (1998). "The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature." *Id.* at 49. Where the statutory language is clear and unambiguous, a court must apply it as written. *Howard v Clinton Charter Twp*, 230 Mich App 692, 695; 584 NW2d 644 (1998). However, if the wording is susceptible to more than one reasonable interpretation, judicial construction is appropriate. *Id.*

This case is governed by the provisions of the Revised Judicature Act relating to periods of limitation, MCL 600.5801 *et seq.*; MSA 27A.5801 *et seq.*, as they read in 1987, when the claim arose.[1] A medical malpractice claim accrues "at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1); MSA 27A.5838(1)(1). Actions charging medical malpractice ordinarily may not be initiated more than two years after accrual of the claim. MCL 600.5805(4); MSA 27A.5805(4). However, subsection 5851(1) of the act, MCL 600.5851(1); MSA 27A.5851(1), provides that persons suffering from the legal disabilities of insanity, imprisonment, or minority when their claims accrue, or others claiming on their behalf, "have 1 year after the disability is removed . . . to bring the action although the period of limitations has run," except as otherwise provided in subsection 5851(7), MCL 600.5851(7); MSA 27A.5851(7), which, in turn, more specifically addresses the disability of minority. At the time in question, subsection 5851(7) provided as follows:

> If, at the time a claim alleging medical malpractice accrues to a person . . . , the person is 13 years of age or less, an action based on the claim shall not be brought unless the action is commenced on or before the person's

---

[1] "The pertinent statute of limitations is the one in effect when the plaintiff's cause of action arose." *Chase v Sabin*, 445 Mich 190, 192, n 2; 516 NW2d 60 (1994). Some of the statutory provisions at issue here were substantially revised by 1993 PA 78. We can take no guidance from these revisions, however, because it is not possible to ascertain the extent to which the new wording reflects a legislative clarification, as opposed to substantive alteration, of the earlier version. See *Detroit Edison Co v Janosz*, 350 Mich 606, 613-614; 87 NW2d 126 (1957).

fifteenth birthday. If, at the time a claim alleging medical malpractice accrues to a person . . . , the person is more than 13 years of age, he or she shall be subject to the period of limitations set forth in section 5838a.

Subsection 5838a(2) further provided, in pertinent part, as follows:

Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. However, the claim shall not be commenced later than six years after the date of the act or omission which is the basis for the claim. The burden of proving that the plaintiff . . . neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A medical malpractice action which is not commenced within the time prescribed by this subsection is barred.

Our task, to the extent possible, is to give effect to each of these provisions while reading them to harmonize with each other. *Michigan Basic Property Ins Ass'n, supra* at 49. "Where a specific statutory provision differs from a related general provision, the specific one controls." *Id.*

Because plaintiff commenced this action more than six years after the claim accrued but before her son's fifteenth birthday, at issue is whether subsection 5851(7) preserves this litigation despite its being commenced beyond the periods of limitation provided for in subsection 5838a(2). We conclude that it does.

"[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without

straining or refinement, and the expressions used are to be taken in their natural and ordinary sense." *Gross v General Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995). Subsection 5838a(2) states that medical malpractice actions may be filed within the periods prescribed in § 5851,

> or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. However, the claim shall not be commenced later than six years after the date of the act or omission which is the basis for the claim.

Plaintiff argues that the six-year provision acts as a limitation on the six-month discovery rule only; defendant argues that the six-year provision acts as an absolute limitation on the tolling provisions for legal disabilities of § 5851 (but for specific exceptions not at issue here). The structure and language of subsection 5838a(2) compel us to agree with plaintiff.

Subsection 5838a(2) incorporates by reference the limitations on actions for malpractice prescribed in §§ 5805 and 5851 and elsewhere and then announces the exception allowing actions up to six months after discovery of the basis for the claim. This is then followed by a separate sentence stating, "However, the claim shall not be commenced later than 6 years after the date of the act or omission which is the basis for the claim." Although this sentence could plausibly be read as bearing on all statutory provisions that could allow for periods of limitation otherwise greater than six years, the context of this statement indicates that it is intended to act as a limitation on only the six-month discovery rule. The statement is followed by a sentence establishing that the plaintiff bears the bur-

den of proving belated discovery when using the discovery rule as a way around otherwise applicable periods of limitation. The six-year rule, then, is sandwiched between a sentence introducing the six-month discovery rule and one exclusively clarifying that rule. This is a logical place to promulgate a limitation on the discovery rule, but a peculiar place to promulgate a limitation on the tolling provisions of § 5851. Because plaintiff in this case commenced action well before her son reached the age of fifteen, the trial court properly held that the action was not barred by the six-year limitation of subsection 5838a(2).

Affirmed.