VEGA v LAKELAND HOSPITALS
AT NILES AND ST JOSEPH, INC

Docket No. 253739. Submitted June 7, 2005, at Grand Rapids. Decided
July 28, 2005, at 9:00 a.m.

Jodie Vega, as the conservator of the estate of Jeffrey Hurley, a
minor, brought a malpractice action in the Berrien County Trial
Court, Civil Division, against Lakeland Hospitals at Niles and St.
Joseph, Inc., and others, relating to injuries allegedly sustained
because of the negligent misdiagnosis of Jeffrey Hurley's medical
problem. The court, John N. Fields, J., granted summary disposi-
tion for the defendants because the complaint was not filed within
the statutory limitations period. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 600.5851(1) and (7) unambiguously exclude both mi-
nor and adult medical malpractice claimants from the disability
grace period. The plaintiff argued that the late filing was excused
under MCL 600.5851(1) on the basis of the insanity of Jeffrey
Hurley. However, MCL 500.5851(7) is both more specific and more
recently enacted than MCL 600.5851(1), and the trial court
correctly determined that it excludes all medical malpractice
claimants from the disability grace period set forth in MCL
600.5851(1).

2. MCL 500.5851(1) and (7) do not violate equal protection
guarantees by excluding medical malpractice claimants from the
disability grace period. Those subsections, read together, treat all
medical malpractice claimants equally, i.e., they are all excluded
from the disability grace period. The purpose of the legislation is to
limit the time during which health-care providers would be at risk
from malpractice suits. Categorizing all medical malpractice claim-
ants together, but differently from other tort claimants, bears a
rational relation to this purpose.

Affirmed.

JANSEN, J., dissenting, stated that, although MCL 600.5851(7)
may limit a claim for malpractice that accrued before the age of
eight, its plain language does not limit those plaintiffs whose
claims, like that of the minor in this case, accrued after the age of

ten. The only direction the statute gives is to the "period of limitations set forth in [MCL 600.5838a]." This plain language does not simultaneously limit the application of MCL 600.5851(1), but simply directs the reader to the limitations period in MCL 600.5838a, which in subsection 2 refers to the grace period of MCL 600.5851(1). The grant of summary disposition for the defendants should be vacated and the case remanded.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — DISABILITY GRACE PERIOD.

All medical malpractice claimants are excluded from the disability grace period allowed for any other claim arising under the Revised Judicature Act and brought after the period of limitations has expired by a claimant who was under eighteen years of age or insane at the time the claim accrued; such exclusion is not violative of equal protection guarantees (MCL 600.5851[1] and [7]).

*Charfoos & Christensen, P.C.* (by *David R. Parker*) and *Michael D. Marrs, P.C.* (by *Michael D. Marrs*), for Jodie Vega.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg* and *William L. Henn*) for Lakeland Hospitals at Niles and St. Joseph, Inc.

*Fraser Trebilcock Davis & Dunlap, P.C.* (by *Graham K. Crabtree*), for Beth Vanderah, Michael Speers, and St. Joseph Medical Association, P.C.

Before: HOEKSTRA, P.J. and JANSEN and KELLY, JJ.

KELLY, J. In this medical malpractice action, plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis that the statutory period of limitations expired before plaintiff filed her complaint. We affirm, holding that MCL 600.5851(1) and (7) unambiguously exclude medical malpractice claimants from the disability grace period and this exclusion does not violate equal protection guarantees.

I. FACTS

It is undisputed that plaintiff's medical malpractice claim accrued on December 13, 1999, when, at Lakeland Medical Center-Niles, David Alan Speers, M.D., examined and allegedly misdiagnosed eleven-year-old Jeffrey Hurley. According to plaintiff's complaint, Speers diagnosed Jeffrey with gastritis influenza, but two days later, doctors at another hospital determined that Jeffrey suffered from viral encephalitis. Plaintiff alleged that, "at the time of his discharge, [Jeffrey] was still suffering from severe, permanent mental impairment due to the effects of the delayed and undiagnosed viral encephalitis."[1]

It is also undisputed that plaintiff sent a notice of intent to defendants on November 8, 2001, at which time, thirty-four days remained on the statutory period of limitations. The statutory period of limitations was tolled for 182 days from November 8, 2001, to May 9, 2002. With thirty-four days remaining in the period of limitations, plaintiff had until June 12, 2002, to file her complaint. Plaintiff did not file her complaint, however, until December 11, 2002.

Defendants filed motions for summary disposition arguing that the two-year statutory period of limitations expired before plaintiff filed her complaint. In response, plaintiff did not dispute that she filed her complaint after the two-year statutory period of limitations expired, but argued that because Jeffrey was insane, pursuant to MCL 600.5851(2), the statutory period of limitations was extended pursuant to the

---

[1] In an affidavit attached to plaintiff's response to defendants' motion for summary disposition, Robert M. Shuman, M.D., attested that Jeffrey's disability "prevents him from comprehending rights that he is otherwise bound to know and he is unable to understand or appreciate legal rights which he may have."

statutory grace period in MCL 600.5851(1). Plaintiff also argued that if MCL 600.5851(7) were applicable, it violates constitutional equal protection guarantees. Defendants replied that, pursuant to MCL 600.5851(7), Jeffrey had reached his eighth birthday at the time his claim accrued and, therefore, he was subject to the period of limitations in MCL 600.5838a, which, by reference to MCL 600.5805(6), required the action to be filed within two years from the cause of action accruing. Defendants also countered that MCL 600.5851(7) does not violate equal protection guarantees because its provisions are rationally related to a legitimate governmental interest. The trial court granted defendants' motion.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Glancy v City of Roseville,* 457 Mich 580, 583; 577 NW2d 897 (1998). This appeal also requires statutory interpretation.

> Statutory interpretation is a question of law calling for review de novo. *Michigan Basic Prop Ins Ass'n v Ware,* 230 Mich App 44, 48; 583 NW2d 240 (1998). "The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature." *Id.* at 49. Where the statutory language is clear and unambiguous, a court must apply it as written. *Howard v Clinton Charter Twp,* 230 Mich App 692, 695; 584 NW2d 644 (1998). However, if the wording is susceptible to more than one reasonable interpretation, judicial construction is appropriate. *Id.* [*Casey v Henry Ford Health Sys,* 235 Mich App 449, 450; 597 NW2d 840 (1999).]

This Court also reviews de novo constitutional issues. *Kuhn v Secretary of State,* 228 Mich App 319, 324; 579 NW2d 101 (1998).

### III. STATUTORY INTERPRETATION

Plaintiff contends that the trial court erred in granting defendants' motion for summary disposition because, even though the two-year statutory period of limitations[2] expired before she filed her complaint, MCL 600.5851(1) allowed her to file her claim when she did because Jeffrey was insane at the time the cause of action accrued. The issue presented to us is whether the disability grace period in MCL 600.5851(1) applies to medical malpractice claimants. Although our Supreme Court and this Court have addressed what constitutes insanity for the purposes of MCL 600.5851(1) within the context of medical malpractice claims, neither court has addressed the issue before us now.

In construing a statute, this Court " 'must give effect to every word, phrase, and clause in [the] statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.' " *Jenkins v Patel*, 471 Mich 158, 167; 684 NW2d 346 (2004), quoting *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). " '[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions are to be taken in their natural and ordinary sense.' " *Casey, supra* at 452-453, quoting *Gross v Gen Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995). Our task is to give effect to a statute's provisions while reading them to harmonize with each other. *Casey, supra* at 452. Further, when "a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994). Additionally, a

---

[2] Generally, the statutory period of limitations for a medical malpractice action is two years. *Burton v Reed City Hosp Corp*, 471 Mich 745, 748; 691 NW2d 424 (2005); MCL 600.5805(6) and 600.5838a(2).

more recently enacted statute has precedence over an older statute. *Travelers Ins v U-Haul of Michigan, Inc*, 235 Mich App 273, 280; 597 NW2d 235 (1999). "This rule is particularly persuasive when one statute is both the more specific and the more recent." *Id.*

In addition to these basic principles, we keep in mind that the wisdom of a statute is for the Legislature to determine and that the law must be enforced as written. *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 430; 617 NW2d 536 (2000); *In re Worker's Compensation Lien*, 231 Mich App 556, 562-563; 591 NW2d 221 (1998). This Court "may not inquire into the knowledge, motives, or methods of the Legislature, and may not impose a construction on a statute based on a policy decision different from that chosen by the Legislature." *Fowler v Doan*, 261 Mich App 595, 599; 683 NW2d 682 (2004) (citations omitted).

Applying these principles, we conclude that MCL 600.5851(1), read together with MCL 600.5851(7),[3] unambiguously excludes medical malpractice claimants from the disability grace period. MCL 600.5851(1) provides:

> *Except as otherwise provided in subsections (7) and (8),* if the person first entitled to make an entry or bring an action under this act is under 18 years old or insane at the time the claim accrues, the person or those claiming under the person have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. [Emphasis added.]

---

[3] It is undisputed that MCL 600.5851(8) does not apply in this case. Therefore, even though MCL 600.5851(1) also appears to exclude cases that fall within the parameters of MCL 600.5851(8), we do not address that statute because it is not necessary to the resolution of the issues on appeal.

MCL 600.5851(7) provides:

> Except as otherwise provided in subsection (8), if, at
> the time a claim alleging medical malpractice accrues to
> a person under section 5838a the person has not reached
> his or her eight birthday, a person shall not bring an
> action based on the claim unless the action is commenced
> on or before the person's tenth birthday or within the
> period of limitations set forth in section 5838a, which-
> ever is later. If, at the time a claim alleging medical
> malpractice accrues to a person under section 5838a, the
> person has reached his or her eight birthday, he or she is
> subject to the period of limitations set forth in section
> 5838a.

MCL 600.5851(1) begins with the phrase: "Except as otherwise provided in subsections (7) and (8) . . . ." There is nothing ambiguous about this phrase. An everyday word familiar to most English-speaking people, "except" is not defined by statute, but is defined in the dictionary as "With the exclusion of . . . ." *The American Heritage Dictionary*, (2d college ed, 1985). Thus, the circumstances described in subsections 7 and 8 are excepted, or excluded, from the provisions of subsection 1. Further, subsections 1 and 7 do not conflict or, when read together, cause any ambiguity. MCL 600.5851(1) applies "if the person first entitled to make an entry or bring an action *under this act* is under 18 years of age or insane at the time the claim accrues . . . ." (Emphasis added.) "[T]his act" is the RJA. Subsection 7 specifically applies to "a claim alleging medical malpractice accru[ing] to a person under section 5838a . . . ." Thus, subsection 1 applies to all claims (except medical malpractice claims) arising under the RJA and subsection 7 applies specifically to medical malpractice claims. Further, subsection 7 was enacted more recently than subsection 1, which was found in

1948 CL 600.5851.[4] Subsection 7, on the other hand, was added by 1986 PA 178. Therefore, because subsection 1 clearly states: "Except as otherwise provided in subsections 7 and 8" and because subsection 7 is both more specific to medical malpractice claimants and more recently enacted, we conclude that medical malpractice claimants are excluded from the disability grace period set forth in subsection 1.

In this case, plaintiff does not dispute that she filed her complaint after the two-year statutory period of limitations expired. Because plaintiff is a medical malpractice claimant, MCL 600.5851(1) and (7) exclude her from the disability grace period. Therefore, the trial court did not err in granting defendants' motion for summary disposition.

### IV. EQUAL PROTECTION

Plaintiff also contends that this application of MCL 600.5851(7) is unconstitutional because it violates equal protection guarantees. Specifically, plaintiff asserts that "it subjects certain minors to a shorter statute of limitations than minors in other actions, and than an adult when the claimant is insane . . . ." Following this Court's reasoning in *Bissell v Kommareddi*, 202 Mich App 578, 579; 509 NW2d 542 (1993), we hold that the plain language of MCL 600.5851(7) does not violate equal protection guarantees.

First, MCL 600.5851(1) and (7), read together, exclude both minor and adult medical malpractice claimants from the disability grace period. Thus, all medical malpractice claimants are treated equally in that they

---

[4] Before 1972, the age of "majority" was "21 years" instead of "18 years."

are all excluded from the disability grace period in MCL 600.5851(1).

Second, although MCL 600.5851(1) and (7), read together, treat medical malpractice claimants differently than other claimants, the provisions do not violate equal protection guarantees. In *Bissell*, this Court addressed whether MCL 600.5851(7) violates equal protection when "it creates an unreasonable and arbitrary distinction between minors with tort claims based on medical malpractice and minors with tort claims based on other theories of recovery." *Bissell, supra* at 579. In *Bissell, supra* at 579-580, the plaintiff sought application of the grace period for minority disability pursuant to MCL 600.5851(1). In determining the purpose of MCL 600.5851(7) under an equal protection analysis, this Court concluded:

> Section 5851[(7)[5]] is part of the Tort Reform Act of 1986 and was ostensibly enacted to eliminate the "long tail" that arises when a minor is allowed to pursue a cause of action that may have accrued as much as eighteen years earlier. Clearly, the object of the challenged legislation was to limit the period of time during which health-care providers would be at risk from malpractice suits. [*Bissell, supra* at 580-581.]

This Court also determined that the classifications in the statute bore a rational relation to this purpose. *Id.* at 581.

Here, plaintiff raises the same issue addressed in *Bissell*, although she seeks application of the grace period for insanity disability in MCL 600.5851(1). We

---

[5] As stated above, MCL 600.5851 was enacted in 1948, whereas MCL 600.5851(7) was enacted as part of the Tort Reform Act of 1986. Further, it is clear that *Bissell* addressed "the statute of limitations provided in MCL 600.5851(7)" and not MCL 600.5851 generally. *Bissell, supra* at 579.

find the reasoning of *Bissell* persuasive. Accordingly, we adopt the *Bissell* analysis and extend it to the insanity disability and hold that MCL 600.5851(1) and (7) do not violate equal protection guarantees by excluding medical malpractice claimants from the disability grace period.

Affirmed.

HOEKSTRA, P.J., concurred.

JANSEN, J. (*dissenting*). I respectfully dissent. I would find that the trial court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) because MCL 600.5851(7) does not limit the saving provision of MCL 600.5851(1) with regard to an insane medical malpractice claimant whose claim accrued after he reached his eighth birthday. Thus, I would reverse and remand for further proceedings.

The question in the present case is whether an insane person in a medical malpractice action who has reached his or her eighth birthday is excluded from the protection of the insanity saving clause under MCL 600.5851(1). I would find that MCL 600.5851(7) does not act as a limitation on plaintiff's ability to invoke the general saving provision in the present case.

A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). As a general rule, a medical malpractice action may not be initiated more than two years after accrual of the claim. MCL 600.5805(6). But plaintiff argues that because Jeffrey Hurley was insane,

pursuant to MCL 600.5851(2),[1] there was additional time to bring the claim beyond the two-year limitation. MCL 600.5851(1).

The Revised Judicature Act (RJA) contains a general saving or "grace period" provision at MCL 600.5851(1), which provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years old or is insane at the time the claim accrues, the person or those claiming under the person shall have one year after the disability is removed through death or otherwise to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

An exception to the general saving provision in subsection 7 provides as follows:

> Except as otherwise provided in subsection (8),[2] if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later. *If, at the time a claim alleging medical malpractice accrues to a person under section 5838a, the person has reached his or her eighth birthday, he or she is subject to the period of limitations set forth in section 5838a.* [Emphasis added.]

It is important to note that MCL 600.5851(1) is *not* necessarily a tolling provision, but allows disabled plaintiffs an additional and separate protection from the various statutes of limitations under the RJA.

---

[1] Whether Hurley was insane for the purposes of the statute is a factual issue that is not in dispute on appeal.

[2] Subsection 8 is not at issue in the present case.

*Honig v Liddy,* 199 Mich App 1, 4-5; 500 NW2d 745
(1993). Consistently with this characterization, Michigan courts have long held that regardless of whether
the statute of limitations period has expired on a claim
under the RJA, MCL 600.5851(1) allows for a claim to
be filed beyond the limitations period until the disability is removed.[3] Of course, MCL 600.5851(1) is still
limited by MCL 600.5851(7). The key question is the
extent to which MCL 600.5851(7) limits the saving
provision found at MCL 600.5851(1).

When interpreting statutory language, the Legislature is presumed to have intended the meaning it
plainly expressed. *Pohutski v City of Allen Park,* 465
Mich 675, 683; 641 NW2d 219 (2002). Courts may not
speculate about the probable intent of the Legislature
beyond the language expressed in the statute. *Id.* If the
plain and ordinary meaning of the language is clear,
judicial construction is normally neither necessary nor
permitted. *Nastal v Henderson & Assoc Investigations,
Inc,* 471 Mich 712, 720; 691 NW2d 1 (2005).

Clearly, the first part of MCL 600.5851(7) sets out a
specific time that a person under the age of eight must
file his or her claim, i.e., before the tenth birthday if the
claim accrued before the age of eight. MCL 600.5851(7).
But the second sentence, which is applicable here

---

[3] See *Lemmerman v Fealk,* 449 Mich 56, 75; 534 NW2d 695 (1995) (the
grace period under MCL 600.5851[1] is available for insane plaintiffs in
tort action for sexual abuse, but not when the alleged insanity is based on
claim of "repressed memory."); *In re Neagos,* 176 Mich App 406, 412; 439
NW2d 357 (1989) (A person who asserts insanity as a disability has one
year after the disability is removed to initiate a proceeding even if the
period of limitations has expired. However, the disability must have been
in existence at the time the claim occurred.) *Smith v Bordelove,* 63 Mich
App 384, 388; 234 NW2d 535 (1975) (An infant plaintiff in a medical
malpractice has one year from the time infancy was removed to file a
claim for medical malpractice regardless of whether the two-year statute
of limitations had expired.).

because plaintiff was over the age of eight at the time of claim accrual, contains no language limiting the application of the saving provision for insanity. MCL 600.5851(7). The second sentence of MCL 600.5851(7) only states what the limitations period will be for those plaintiffs whose claim accrues past the age of eight. In other words, although the standard two-year limitations period applies for those plaintiffs past age eight, it does not simultaneously limit the saving provision of subsection 1, which provides that the period of limitations for an insane plaintiff does not begin to run until, "1 year after the disability is removed . . . *although the period of limitations has run."* MCL 600.5851(1) (emphasis added).

Applying the plain meaning of this sentence, the only limitation is that the period of limitations in MCL 600.5838a applies because that is the language employed in subsection 7. MCL 600.5838a(2) redirects the plaintiff to *either* the period of limitations in § 5805 or § 5851:

> Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or section[] 5851 . . . .

Therefore, I would find that, although MCL 600.5851(7) may limit a claim for malpractice that accrued before the age of eight, its plain language does not limit those plaintiffs whose claims accrued after the age of ten—as in the present case. The only direction the statute gives is to the "period of limitations set forth in section 5838a . . . ." MCL 600.5851(7). This plain language does not simultaneously limit the application of MCL 600.5851(1). It simply directs the reader to the limitations period in MCL 600.5838a. In turn, § 5838a allows

a plaintiff to invoke the grace period in section 5851(1), by directly referring to it in the first sentence of § 5838a(2).

For the above reasons, I do not agree with the majority that all medical malpractice applicants are excluded from the disability grace period found at MCL 600.5851(1). I would find that defendants' motion for summary disposition was improperly granted and would reverse and remand for further proceedings.