# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 12, 2006

129436

JODIE VEGA, Conservator of the Estate of
JEFFREY HURLEY, a Minor,
          Plaintiff-Appellant,

v

LAKELAND HOSPITALS AT NILES AND
ST. JOSEPH, INC., ST. JOSEPH MEDICAL
ASSOCIATES, P.C. and BETH VANDERAH
and MICHAEL SPEERS, Co-Personal
Representatives of the Estate of DAVID ALAN
SPEERS, M.D., Deceased,
          Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129436
COA: 253739
Berrien CC: 02-003976-NH

On order of the Court, the application for leave to appeal the July 28, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I would grant leave to appeal in conjunction with *Pappas v Bortz* (Docket No. 128864), ___ Mich ___ (2006), to consider whether the Court of Appeals was correct in concluding that MCL 600.5851(1) does not apply to medical malpractice actions. 267 Mich App 565 (2005). The Court of Appeals dissent concluded that, "although MCL 600.5851(7) may limit a claim for malpractice that accrued before the age of eight, its plain language does not limit those plaintiffs whose claims accrued after the age of ten— as in the present case." *Id.* at 577 (Jansen, J., dissenting).

MCL 600.5851(1) states that the one-year savings provision applies to those who are mentally disabled "[e]xcept as otherwise provided in subsections (7) and (8) . . . ." Subsection 7 states that if a medical malpractice claimant is eight years of age or older, as

in this case, the period of limitations set forth in § 5838a applies. A savings provision is not a period of limitations. *Waltz v Wyse*, 469 Mich 642, 650 (2004). Subsection 7 says that the period of limitations in 5838a applies; however, it does not say that the savings provision of 5851(1) does not apply.

Therefore, I would grant leave to appeal to further consider the argument of the Court of Appeals dissent.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 12, 2006

_____
Clerk

p0509