## MEEK v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 123240. Submitted January 8, 1991, at Detroit. Decided November 26, 1991; approved for publication March 25, 1992, at 9:10 A.M. Leave to appeal denied, 440 Mich —.

Gloria and Fred Meek brought an action in the Wayne Circuit Court against the Michigan Bell Telephone Company and Richard Schulz, alleging violation of Gloria Meek's civil rights and intentional infliction of emotional distress as a result of alleged sexual and religious harassment during her employment with Michigan Bell from 1977 through 1984. The court, Thomas J. Foley, J., granted partial summary disposition for the defendants, finding that an action for conduct predating March 19, 1984, was barred by the applicable statute of limitations. The court also granted summary disposition for the defendants with regard to the claim of intentional infliction of emotional distress, and granted the defendants' motion in limine, finding that evidence concerning most of the pre-March 19, 1984, incidents was not admissible. The plaintiffs appealed.

The Court of Appeals *held:*

1. The acts of defendant Michigan Bell's employees before March 19, 1984, constituted a continuous course of discriminatory conduct sufficient to invoke the continuing-violations exception to the statutory limitation period. Plaintiffs' claim based on the pre-March 19, 1984, violations therefore was not barred by the statute of limitations. The conduct of defendant Schulz amounted to a present violation that occurred within the limitation period and therefore was not barred.

2. The trial court abused its discretion in granting the defendants' preliminary motion to suppress the introduction of evidence of any actions predating March 19, 1984.

3. The court did not err in concluding that the plaintiffs did not allege extreme and outrageous conduct by the defendants

REFERENCES

Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 4-7; Job Discrimination § 2292.

Modern status of intentional infliction of mental distress as independent tort; "outrage". 38 ALR4th 998.

sufficient to support a claim of intentional infliction of emotional distress.

Affirmed in part, reversed in part, and remanded.

1. LIMITATION OF ACTIONS — CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — CONTINUING VIOLATIONS.

The statute of limitations applicable in actions alleging employment discrimination in violation of the Civil Rights Act will not bar an action for earlier acts of discrimination that would otherwise be barred where an act of discrimination occurs within the limitation period and there is a continuous course of discriminatory conduct sufficient to constitute a continuing violation; factors to be considered in determining whether such a course of conduct exists include the subject matter, frequency, and degree of permanence of the alleged discriminatory acts (MCL 600.5805[8]; MSA 27A.5805[8]).

2. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Liability for intentional infliction of emotional distress may be found only where the conduct has been so outrageous in character, and so extreme in degree, that it goes beyond all possible bounds of decency and may be regarded as atrocious and utterly intolerable in a civilized community.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Alan B. Posner*), for the plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas G. Kienbaum* and *Robert W. Powell*) (*Laura D. White*, Michigan Bell Telephone Company, of Counsel), for the defendants.

Before: JANSEN, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Plaintiffs filed the present action against defendants for alleged violations of plaintiff Gloria Meek's civil rights under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* On April 9, 1987, defendants answered plaintiffs' complaint, alleging that the complaint was barred by the applicable statute of limitations. On November 3, 1989, the trial court granted defendants' motion for partial summary disposi-

tion on the ground that the statute of limitations barred recovery for alleged conduct predating March 19, 1984; granted defendants' motion for summary disposition in regard to allegations of intentional infliction of emotional distress; and granted defendants' motion in limine, finding that evidence concerning most of the actions predating March 19, 1984, was not admissible. Plaintiffs appeal as of right, alleging that an action regarding the pre-1984 incidents was not time-barred because they fell within the continuing-violation doctrine and that the trial court erred in dismissing the claim of intentional infliction of emotional distress. We affirm in part and reverse in part.

Gloria Meek (hereafter plaintiff) claims that from 1977 through 1984, she was subjected to instances of sexual and religious harassment. Specifically, plaintiff complains that in 1977 a supervisor indicated to her that he did not want a female working for him and gave her a cartoon drawn by other employees that berated women. The cartoon was eventually posted on employee bulletin boards and on employees' desks. In 1978, plaintiff was transferred and placed under the supervision of another supervisor, who told plaintiff that there was no need for her to make a lot of money because she had a working spouse, that she should work inside or at home, and that plaintiff, like all Jews, was rich. This supervisor also commented that because plaintiff was a woman she should show more compassion in disciplining the crews and that she should not fill out an injury report after she broke her nose on the job. Following an uneventful transfer, plaintiff was transferred to another office, where the supervisor told her that she should be home caring for the kids, that she was taking jobs away from men, and that Jews have lots of money and fancy homes. In 1981,

following a maternity leave, plaintiff was denied a raise allegedly because of the pregnancy. Plaintiff claims that later in 1981 and in 1982 another supervisor told her that Jewish women do not work, that plaintiff should be at home, that he did not like women in men's positions, and that plaintiff failed his expectations of a Jewish woman. In 1983, another supervisor told plaintiff that he did not want her ideas, but rather those ideas submitted by the guys. After May of 1984, plaintiff was supervised by defendant Schulz. Plaintiff claims that defendant Schulz told her to put her purse away or he would take disciplinary action, to wear pants with pockets so that she could keep a wallet in them like men do, and to wear shoes like the other guys. Defendant Schulz also called plaintiff "chubbly," a combination of chubby and ugly, and described a ring given to her by her husband as a Jewish-American-princess ring. Further, other employees under defendant Schulz' supervision called her a Jewish-American princess and asked who she had slept with in order to get her job. After plaintiff was terminated from employment, she filed suit against defendants Michigan Bell and Schulz.

First, we address plaintiffs' allegation that the trial court erred in granting defendants' motion for partial summary disposition on the basis that an action concerning the conduct occurring before March 19, 1984, was barred by the statute of limitations. An action alleging employment discrimination under the Civil Rights Act must be brought within three years after the cause of action accrued. MCL 600.5805(8); MSA 27A.5805(8), *Mair v Consumers Power Co*, 419 Mich 74, 77; 348 NW2d 256 (1984). Our Supreme Court in *Sumner v Goodyear Tire & Rubber Co*, 427 Mich 505; 398 NW2d 368 (1986), recognized an

exception to the statute of limitations for continuing violations. The *Sumner* Court stated that an exception exists where an employee challenges a series of allegedly discriminatory acts so sufficiently related as to constitute a pattern where only one of the acts occurred within the limitation period. *Id.* at 528. The *Sumner* Court also set forth the factors to be considered in determining whether a continuing course of discriminatory conduct exists:

> The first is subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring (*e.g.*, a biweekly paycheck) or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate. [*Id.* at 538, quoting *Berry v LSU Bd of Supervisors*, 715 F2d 971, 981 (CA 5, 1983).]

In the present case, we hold that the prior actions of the employees of defendant Michigan Bell constituted a continuing violation sufficient to avoid the statutory limitation period. All the discriminatory events alleged by plaintiff involved the same subject matter: gender and religion. Also, the derogatory remarks made to plaintiff were not isolated to work assignments or employment decisions, but, rather, were recurring with nearly every new supervisor she was employed under. It was these same supervisors who denied plaintiff merit raises and favorable evaluations. Lastly,

their acts did not have such a degree of permanence that plaintiff should have asserted her rights earlier. Over approximately nine years, plaintiff had several supervisors. It was reasonable for plaintiff to believe that with each transfer and change in supervision the discriminatory conduct would cease. However, with almost each new supervisor came a new wave of harassment. We believe that the acts of defendant Michigan Bell's employees exhibited a continuous course of discriminatory conduct sufficient to invoke the continuing-violations exception to the statutory limitation period.

We also hold that the conduct of defendant Schulz amounted to a present violation that occurred within the limitation period. The mere existence of continuing harassment is insufficient if none of the relevant conduct occurred within the limitation period. *Sumner,* p 539. Defendants do not contest the allegedly discriminatory conduct of defendant Schulz, and we believe that the post-March 1984 actions of Schulz were intrinsically connected to the pre-March 1984 violations. Therefore, we hold that plaintiffs' claim alleged a continuing violation and that an action concerning the pre-March 1984 violation is not barred by the statute of limitations.

Considering our holding that the prior incidents constitute a part of a continuing violation and, thus, are not barred by the statute of limitations, we must now consider whether the trial court erred in granting defendants' preliminary motion to suppress the introduction of evidence of any actions predating March 19, 1984.

The decision whether to admit certain evidence is within the trial court's sound discretion and will not be disturbed absent an abuse of discretion. *Brunson v E & L Transport Co,* 177 Mich App 95,

104; 441 NW2d 48 (1989). The trial court held that because there was no connection between the acts themselves and no relationship between the parties involved, evidence of these prior acts had no probative value and had potential for prejudice. Considering that we have found the existence of a continuing violation sufficient to avoid the application of the limitation period, we hold that the trial court abused its discretion by precluding the admission of this testimony.

Finally, we address whether the trial court erred in granting defendants' motion for summary disposition of the claim of intentional infliction of emotional distress. Liability for the separate cause of action of intentional infliction of emotional distress has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 602-603; 374 NW2d 905 (1985), quoting 1 Restatement Torts, 2d, § 46, comment d, pp 72-73.

Plaintiff's deposition alleged that defendant Schulz told plaintiff to put her purse away, to wear pants with pockets so she could keep a wallet in them like men do, and to wear shoes like the other guys. Defendant Schulz also called defendant chubbly, a combination of chubby and ugly, in front of the crew and described a ring given to her by her husband as a Jewish-American-princess ring. In addition, employees under defendant Schulz' supervision called plaintiff a Jewish-American princess and asked plaintiff who she had slept with to get her job. Accepting these factual allegations as true, we hold that the trial court did not err in concluding that these allegations clearly do

not rise to the level of extreme and outrageous conduct to support a claim of intentional infliction of emotional distress. MCR 2.116(C)(8), *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

Affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion.