BARNES v INTERNATIONAL BUSINESS MACHINES
CORPORATION

Docket No. 171240. Submitted March 8, 1995, at Detroit. Decided July 21, 1995, at 9:05 A.M.

Ervin Barnes, Jr., brought an action in the Wayne Circuit Court against International Business Machines Corporation and George Samenuk, alleging racial discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, and intentional infliction of emotional distress related to his employment with IBM. The court, John A. Murphy, J., denied the defendants' motion for a change of venue to Oakland County, where IBM has its Michigan corporate headquarters. The defendants appealed by leave granted.

The Court of Appeals *held:*

An action under the Civil Rights Act may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the defendant resides or has its principal place of business. MCL 37.2801(2); MSA 3.548(801)(2). A tort action may be brought in a county in which all or part of the cause of action arose and in which the defendant resides, has a place of business or conducts business, or where the defendant's registered corporate office is located. MCL 600.1629(1)(a); MSA 27A.1629(1)(a). In this case, Oakland County would be a proper venue under either statute because that is where IBM's corporate headquarters are located and where the allegedly discriminatory and tortious decisions were made. Venue of an action under the Civil Rights Act or a tort action is not proper in a county where only the damages were sustained, the violation or injury having occurred elsewhere. Wayne County is not a proper venue for the plaintiff's action because the plaintiff has not established that the defendants' discriminatory decisions were made in Wayne County, but only that he felt some of the effects of those decisions and suffered resulting damages in Wayne County.

Reversed.

REFERENCES

Am Jur 2d, Job Discrimination § 2154; Venue §§ 36, 37.
See ALR Index under Equal Employment Opportunity; Venue.

WHITE, P.J., concurring, stated that the county in which a discriminatory decision is implemented and the discrimination is inflicted is a proper venue for an action under the Civil Rights Act, but that Wayne County is not such a county in this case.

CIVIL RIGHTS — CIVIL RIGHTS ACT — ACTIONS — VENUE.

Venue of an action under the Civil Rights Act for unlawful discriminatory decisions by an employer against an employee is proper in the county in which the decisions were made or in which the employer has its principal place of business, but not in a county in which the employee only felt the effects of the decisions or sustained damages (MCL 37.2801[2]; MSA 3.548[801][2]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Joseph A. Golden, Gary E. Abeska,* and *Patrick Burkett*), for the plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Donna J. Donati* and *Megan P. Norris*), *Covington & Burling* (by *Jeffrey G. Huvelle, Anthony Herman,* and *Eric Dodson Greenberg*) (*Adam Pomerantz,* of Counsel), for the defendants.

Before: WHITE, P.J., and BANDSTRA and W. P. CYNAR,* JJ.

PER CURIAM. Plaintiff sued his employer in the Wayne Circuit Court, alleging racial discrimination, MCL 37.2202(1); MSA 3.548(202)(1), and intentional infliction of emotional distress. Defendants appeal by leave granted from the trial court's denial of their motion for a change of venue. We reverse.

Defendants argue that the trial court erred in denying their motion for a change of venue. They also argue that plaintiff failed to carry his burden of submitting credible factual evidence that venue was proper in Wayne County. We agree.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The venue provision of the Civil Rights Act states that an action "may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his principal place of business." MCL 37.2801(2); MSA 3.548(801)(2). The venue provision for tort actions states that an action may be brought in "[a] county in which all or part of the cause of action arose and in which either" defendant resides, has a place of business or conducts business, or where defendant's registered corporate office is located. MCL 600.1629(1)(a); MSA 27A.1629(1)(a). Other options are provided in the event that no county satisfies the criteria in subdivision a. See MCL 600.1629(1)(b)-(d); MSA 27A.1629(1)(b)-(d).

It is undisputed that venue in this case would be proper under either statute in Oakland County because that is the location of defendants' corporate headquarters in Michigan and where the allegedly discriminatory and tortious decisions were made. Plaintiff argues, however, that venue is also proper in Wayne County because that is where he experienced at least some of the effects of defendants' decisions and where he suffered resulting damages. We disagree.

Plaintiff's position is based upon *Lorencz v Ford Motor Co,* 439 Mich 370, 375, 377; 483 NW2d 844 (1992), and *Witt v C J Barrymore's,* 195 Mich App 517, 521-522; 491 NW2d 871 (1992).[1] In *Lorencz,* our Supreme Court held that the "all or part of the cause of action" language meant that an action could be brought where any of the elements of the cause of action arose. *Lorencz, supra* at 375. The Court listed "damages" as one of the elements

[1] *Witt* was overruled on other grounds in *Russell v Chrysler Corp,* 443 Mich App 617, 621; 505 NW2d 263 (1993).

of a cause of action. *Id.* In *Witt,* this Court explicitly held, following *Lorencz,* that an action could be brought where damages accrued. *Witt, supra* at 521-522.

The Supreme Court has recently clarified its decision in *Lorencz* and implicitly overruled *Witt.* The Court held that, in determining where a tort action accrues, the place where damages were sustained (if different from where the injury or the breach of duty occurred) does not constitute a proper venue. *Gross v General Motors. Corp,* 448 Mich 147, 165; 528 NW2d 707 (1995). Plaintiff therefore may not pursue his tort action in Wayne County because he has alleged only that damages resulted in that county.[2]

Although the Supreme Court's decision in *Gross* does not technically apply to discrimination cases, we believe that its reasoning does. As noted by the Court, allowing an action to be brought where its effects or damages occur would encourage forum shopping in contravention of the goals of the venue provisions. *Id.* at 164. Further, the civil rights statute clearly provides that venue is proper where "the alleged violation occurred," not where its effects were felt or where the damages accrued. See MCL 37.2801(2); MSA 3.548(801)(2). The violations alleged are adverse employment decisions. Although plaintiff performed some work in Wayne County, he has provided no credible factual evidence that any of the allegedly discriminatory decisions were made in Wayne County, as distinguished from their effects being felt there.[3]

---

[2] We do not express an opinion with respect to the viability of plaintiff's tort action. See *Meek v Michigan Bell Telephone Co,* 193 Mich App 340, 346-347; 483 NW2d 407 (1992).

[3] In *Gross,* the Supreme Court stated that, in design defect cases, the place of corporate decision making did not provide an independent place for venue where the actual design of the product took place elsewhere. *Gross, supra* at 159-160. Here, however, the actions

Reversed.

WHITE, P.J. *(concurring)*. I join in the opinion per curiam but write separately to state that I do not do so on the basis that venue of a civil rights action is proper only in the county where the discriminatory decision is made. Discrimination also "occurs," MCL 38.2801; MSA 3.548(801), in the county where the decision is implemented and the discrimination is inflicted.[1] In the instant case, however, while plaintiff performed some work activities in Wayne County, that was not the locus of his employment, so that it does not appear that decisions made elsewhere were implemented, and discrimination was inflicted, in Wayne County, as distinguished from effects being felt there.

allegedly giving rise to liability are the corporate decisions themselves and therefore the place of corporate decision making is an appropriate venue.

[1] For example, an employee who works for a chain store in Berrien County need not sue in Wayne County regarding an alleged discriminatory decision made at corporate headquarters in Wayne County and implemented in Berrien County.