KEUHN v MICHIGAN STATE POLICE

Docket No. 197547. Submitted August 5, 1997, at Grand Rapids. Decided August 19, 1997, at 9:20 A.M.

Daniel P. Keuhn brought an action in the Livingston Circuit Court against his employer, the Michigan State Police, alleging discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, as a result of his failure to be promoted to the position of sergeant at the Livingston County post. The plaintiff resides in Livingston County and is assigned to the Michigan State Police Post in Brighton in Livingston County. The defendant sought a change of venue to Ingham County. The court, Daniel A. Burress, J., denied the defendant's motion. The defendant appealed by leave granted from that order.

The Court of Appeals *held*:

A civil rights action may be brought in the circuit court for the county where the alleged violation occurred or the circuit court for the county where the person against whom the civil complaint is filed resides or has his principal place of business. The actions giving rise to the alleged liability in this case occurred in both Livingston County and Ingham County. Venue was proper in Livingston County.

Affirmed.

*Malley & Fett, P.C.* (by *James K. Fett* and *Marla A. Linderman*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Richard P. Gartner*, Assistant Attorney General, for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and JANSEN, JJ.

PER CURIAM. In this employment discrimination case, defendant appeals by leave granted from a circuit court order denying its motion for a change of

venue from Livingston County to Ingham County. We affirm.

The order on appeal arises out of plaintiff's discrimination action against defendant pursuant to Michigan's Civil Rights Act (CRA), MCL 37.2101 *et seq.*; MSA 3.548 (101) *et seq.* Plaintiff filed the complaint in the circuit court for Livingston County, where he resided and was employed as a Michigan State Police trooper assigned to the Brighton Michigan State Police Post. Plaintiff, a white male, alleged in his complaint that he had been passed over for a promotion to the position of sergeant at the Livingston County post, despite his years of service and high promotional exam scores.

Venue relates to and defines the particular county or territorial area within the state or district in which the cause must be brought or tried. *Grebner v Oakland Co Clerk*, 220 Mich App 513, 516; 560 NW2d 351 (1996). It has long been recognized that the establishment of venue is properly within the Legislature's power. *Coleman v Gurwin*, 443 Mich 59, 62; 503 NW2d 435 (1993). Pursuant to the CRA, a civil rights action "may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his principal place of business." MCL 37.2801(2); MSA 3.548(801)(2). Where, as here, venue is established by statute, this Court's primary objective is to effectuate legislative intent without harming the plain wording of the act. *Coleman, supra* at 65.

To determine in this case where plaintiff's "alleged violation occurred," we must examine how promotional decisions are made in the state police depart-

ment. A review of the lower court record indicates that the first step in the process is the Civil Service Commission's compilation of a list of names based on employees' exam scores. Part of plaintiff's complaint concerns defendant's now-expired augmentation program, a program which dictated that not only were applicants with high exam scores included on this initial list (the "first band" employees) but also employees with lower scores who met certain race or gender criteria (the "second band" employees). The second step in the decision-making process is the submission of recommendations from the list by the commander of the local post with a vacancy. The commanders, who may consult the immediate supervisor of the person they are considering, use race or gender as a factor in making their decision about whom to recommend. Finally, the colonel and lieutenant colonel at the state police headquarters in East Lansing review the recommendations and make the ultimate determination about whom to promote. In short, the promotional process necessarily incorporates decisions made in the county of the state police post with a vacancy and in Ingham County, where defendant's headquarters are located.

Defendant argues that venue is proper in Ingham County because defendant's headquarters is the locus not only of defendant's ultimate promotional decision, but also where defendant's policies, on which promotional decisions are based, are established. To support its argument, defendant relies heavily on *Barnes v IBM Corp*, 212 Mich App 223, 226; 537 NW2d 265 (1995), in which a panel of this Court held that the proper venue for a case brought pursuant to the CRA is where the alleged violation occurred, not where its

effects were felt or where the damages accrued. However, plaintiff's argument in this case is distinct from the position rejected in *Barnes*. Here, plaintiff contends that venue is proper in Livingston County because the allegedly discriminatory promotional process included decisions made in that county, not merely because damages from the discrimination resulted in that county. Indeed, plaintiff's complaint is not limited to allegations of discrimination against him alone but alleges that defendant engaged in a pattern or practice of discriminating against white males. Therefore, the actions giving rise to the alleged liability in this matter include both the recommendation made by the post commander in Livingston County and the final approval given in Ingham County. Accordingly, given these facts, venue in Livingston County is proper.

Affirmed.