Cavanagh, J.
 

 Defendants appeal by leave granted from the trial court order denying their motion for a change of venue. We reverse.
 

 Plaintiff Judith Karpinski filed this action as the personal representative of the estate of Gregory Serafín. On July 1, 1995, Serafín went to the emergency room at defendant St. John Hospitai-Macomb Center (St. John-Macomb), located in Macomb County, complaining of hypertension and abdominal and lower back pain. Serafín was diagnosed with a urinary tract infection, prescribed medication, and released. On July 6, 1995, Serafín returned to the emergency room at St. John-Macomb complaining of vomiting and severe low back pain. While in the emergency room, Serafín experienced a seizure; afterward, he was unresponsive and exhibited no palpable pulse. Personnel at St. John-Macomb diagnosed a ruptured abdominal aortic aneurysm and contacted defendant St. John Hospital and Medical Center (St. John-Wayne in Wayne County to determine the proper course of treatment. A decision was made to transfer Serafín to St. John-Wayne by ambulance. Serafín was pronounced dead upon arrival at St. John-Wayne.
 

 On June 27, 1997, plaintiff filed this action in the Wayne Circuit Court. Two affidavits of merit were
 
 *541
 
 attached to the complaint. Both affidavits claimed that the failure to properly and timely diagnose and treat Serafin’s ruptured abdominal aortic aneurysm resulted in his death.
 

 On August 20, 1997, defendants filed a motion to transfer venue to Macomb County. Defendants argued that the basis for the allegations in plaintiff’s complaint and the underlying facts revealed in the medical records established that the location of the “original injury,” the determinative factor in establishing venue under MCL 600.1629; MSA 27A.1629, was in Macomb County.
 

 A hearing regarding defendants’ motion was held on September 12, 1997. After the parties presented arguments, the trial court denied the motion to transfer venue to Macomb County. The court explained:
 

 I think this is a difficult situation where you have death and it’s an ongoing type of injury from the actual rupture to the death in a very short period of time. . . .
 

 But I’m not going to grant your [motion for a change of] venue and the reason is I feel that this original injury continues for certain—the original injury actually [was] continuing for [a] certain period of time and that that time period includes, in this case, . . . the transfer period to St. John’s Hospital. And I would analogize this to being a [sic] automobile accident that occurs on a boarder [sic] in one County and ends with a person being thrown out and being in another county. In the end of the accident.
 

 I think there you have a real venue situation in that the first or second county would be proper. And you have two, basically, two counties [in which venue] would be proper, and I think that’s the situation.
 

 The order incorporating the trial court’s ruling was entered on September 24, 1997. This Court subse
 
 *542
 
 quently granted defendants’ interlocutory application for leave to appeal and motion for stay.
 

 On appeal, defendants argue that the trial court erred in denying their motion for a change of venue. This Court reviews a trial court’s decision concerning a motion for a change of venue to determine whether it was clearly erroneous.
 
 Bass v Combs,
 
 238 Mich App 16, 19; 604 NW2d 727 (1999).
 

 In a wrongful death action, venue is controlled by MCL 600.1629; MSA 27A.1629. The present version of the statute, which was in effect when plaintiff commenced the instant action, provides in pertinent part;
 

 (1) Subject to subsection (2), in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:
 

 (a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
 

 (i) The defendant resides, has a place of business, or conducts business in that county.
 

 (ii) The corporate registered office of a defendant is located in that county. [MCL 600.1629; MSA 27A.1629.]
 

 Defendants argue that the trial court clearly erred in denying their motion for a change of venue because the “original injury” referred to in subsection 1(a) occurred in Macomb County when Serafín suffered the ruptured abdominal aortic aneurysm. Thus, this issue involves a question of statutory interpretation, which we review de novo. See
 
 Casey v Henry Ford Health System,
 
 235 Mich App 449, 450; 597 NW2d 840 (1999).
 

 The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legis
 
 *543
 
 lature.
 
 Id.
 
 When faced with questions of statutory interpretation, this Court must first examine the specific language of the statute,
 
 Baks v Moroun,
 
 227 Mich App 472, 500; 576 NW2d 413 (1998), giving the statutory language its ordinary and generally accepted meaning,
 
 Depyper v Safeco Ins Co of America,
 
 232 Mich App 433, 438; 591 NW2d 344 (1998). When construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render the statute, or any part of it, surplusage or nugatory.
 
 Helder v North Pointe Ins Co,
 
 234 Mich App 500, 504; 595 NW2d 157 (1999). Where the statutory language is clear and unambiguous, a court must apply it as written. However, if the wording is susceptible to more than one reasonable interpretation, judicial construction is appropriate.
 
 Casey, supra.
 

 The phrase “original injury” is not defined in the statute. When, as in this case, a term is not defined in a statute, a court may consult dictionary definitions.
 
 Rose Hill Center, Inc v Holly Twp,
 
 224 Mich App 28, 33; 568 NW2d 332 (1997).
 

 In the tort context, an “injury” is generally understood to mean “[a]ny wrong or damage done to another, either in his person, rights, reputation, or property.” Black’s Law Dictionary (6th ed), p 785. Moreover, the wrongful death statute provides:
 

 Whenever the
 
 death of a person or injuries resulting in death
 
 shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party
 
 injured
 
 to maintain an action and recover damages, the person who or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person
 
 injured,
 
 and although
 
 *544
 
 the death was caused under circumstances that constitute a felony. [MCL 600.2922(1); MSA 27A.2922(1) (emphasis added).]
 

 Thus, in the wrongful death statute, the Legislature did not consider the “death” and the “injuries resulting in death” to be synonymous. Where two statutes address the same subject, they should be read harmoniously to give reasonable effect to both.
 
 Kitchen v
 
 Kitchen, 231 Mich App 15, 18; 585 NW2d 47 (1998). Accordingly, we conclude that in a wrongful death action, the word “injury” in the venue statute refers to the injury resulting in death, rather than the death itself.
 
 [1]
 

 Moreover, any doubt is resolved by the Legislature’s use of the word “original” to modify the word “injury.”
 
 Random House Webster’s College Dictionary
 
 (1997), p 921, defines the word “original” in part as “belonging or pertaining to the origin or beginning of something.” Similarly, Black’s Law Dictionary (6th ed), p 1099, defines “original” in part as “first in order.” Thus, the only reasonable construction of the statutory language is that, in a wrongful death action, venue rests with the county where the injury resulting in death occurred, and not the place where the death itself took place.
 

 Our interpretation of the statutory language is supported by the legislative history. The 1995 amendments of the statute were enacted as part of a collection of tort reform measures. The amendments, which became effective on March 28, 1996, were intended to
 
 *545
 
 “strengthen[] provisions aimed at preventing ‘forum shopping.’ ” House Legislative Analysis, SB 344, June 8, 1995, p 9; see
 
 Gross v General Motors Corp,
 
 448 Mich 147, 157-158; 528 NW2d 707 (1995) (finding that one of the Legislature’s goals in enacting the tort reform act of 1986 was to “limit venue shopping by plaintiffs”).
 

 Before the amendments, subsection 1(a) provided that venue was proper in “a county in which all or part of the cause of action arose.” The Supreme Court inteipreted this language to mean that venue was “proper where part or all of the cause of action arose, not merely the situs of the injury.” See
 
 Lorencz v Ford Motor Co,
 
 439 Mich 370, 376; 483 NW2d 844 (1992). Nevertheless, the Court held that the site of tangential damages, such as pain and suffering, was irrelevant under the venue statute. See
 
 Gross, supra
 
 at 164-165 (Brickley, C.J.), 165 (Boyle, J.). This Court construed
 
 Gross
 
 as clarifying that, “in determining where a tort action accrues, the place where damages were sustained (if different from where the injury or the breach of duty occurred) does not constitute proper venue.”
 
 Barnes v Int’l Business Machines Corp,
 
 212 Mich App 223, 226; 537 NW2d 265 (1995).
 

 The Legislature is presumed to act with knowledge of appellate court statutory interpretations.
 
 Cook v Dep’t of Treasury,
 
 229 Mich App 653, 656; 583 NW2d 696 (1998). Furthermore, changes in statutory language are generally presumed to reflect a change in meaning.
 
 Sandy Pines Wilderness Trails, Inc v Salem Twp,
 
 232 Mich App 1, 13; 591 NW2d 658 (1998). Accordingly, we must assume that when the Legislature modified the venue statute in September 1995, it was aware of the decisions in
 
 Gross
 
 and
 
 Barnes.
 
 
 *546
 
 Thus, we conclude that, by changing the location for venue in subsection 1(a) from “a county in which all or part of the cause of action arose” to “the county in which the original injury occurred,” the Legislature intended to make the place where the injury transpires paramount for venue purposes.
 

 We therefore conclude that the trial court committed an error of law in finding that venue could be established in both Macomb County and Wayne County because the “original injury” continued through Serafin’s transfer into Wayne County.
 
 [2]
 
 The Legislature clearly did not intend to allow venue to be established in any county where the plaintiff continues to suffer from an injury; this interpretation was rejected even under the prior version of the statute. See
 
 Gross, supra.
 
 Moreover, in concluding that Serafin’s injury continued for a period because the interval between the injury and the death was short, the trial court effectively rendered the Legislature’s use of the word “original” meaningless. Such a construction violates the established rale of statutory interpretation providing that every word in a statute has meaning and no word should be rendered nugatory. See
 
 Helder, supra.
 
 In order to give effect to every word of
 
 *547
 
 MCL 600.1629; MSA 27A.1629, a close temporal connection between an injury and the resulting death cannot convert the “original injury” into an ongoing event that continues until death occurs.
 

 Plaintiff argues that the trial court’s decision is not clearly erroneous because Serafin’s death occurred in Wayne County.
 
 [3]
 
 However, plaintiff mistakenly equates the “injury” with the “wrongful death.” “Wrongful death” describes the cause of action; it is not in and of itself the injury. See
 
 Anzaldua v Band,
 
 216 Mich App 561, 577; 550 NW2d 544 (1996), result aff’d 457 Mich 530; 578 NW2d 306 (1998). Although death is a prerequisite to a wrongful death action, for venue purposes the location of the injury leading to the death, rather than the location of the death, is determinative.
 

 In Michigan, plaintiffs carry the burden of establishing the propriety of their venue choice.
 
 Gross, supra
 
 at 155;
 
 Barnes, supra
 
 at 224. Here, even assuming that Serafín did not die until after he was transported to Wayne County, plaintiff has presented ho evidence that his death was an “original injury” in its own right, rather than the continuing effect of the ruptured abdominal aortic aneurysm that initially occurred in
 
 *548
 
 Macomb County. Accordingly, the trial court clearly erred in denying defendants’ motion to change venue from Wayne County to Macomb County.
 

 Reversed.
 

 [1]
 

 This Court, in construing the previous version of the venue statute for tort actions, recognized that the site of death is not controlling for the determination of the proper venue in a wrongful death action. See
 
 Huhn v DMI, Inc (On Remand),
 
 215 Mich App 17, 19; 544 NW2d 719 (1996).
 

 [2]
 

 Under the facts of this case, the trial court’s analogy of a person in an automobile accident being thrown from one county to another is flawed. Presumably, in the trial court’s hypothetical, the accident victim suffers injuries that are causally related, but nonetheless separate and distinct, in each of the two counties, first at the point of the initial impact and later when the victim ultimately lands in the adjoining county. In the present case, Serafin’s death does not appear to be separate and distinct from the ruptured abdominal aortic aneurysm that initially occurred in Macomb County. Furthermore, unlike in the trial court’s analogy, the shift from one county to another in this case was not the inevitable result of the alleged negligent acts. Rather, Serafin’s transfer into Wayne County was the result of other, supervening actions by the parties.
 

 [3]
 

 Plaintiff specifically declined to make this argument below. In her response to defendants’ motion for a change of venue, plaintiff explained that she did not maintain that venue in Wayne County was proper because Serafín died there; rather, she asserted that venue in Wayne County was proper because of St. John-Wayne’s “failure to adequately staff and/or operate its satellite facility in Macomb County.” In a supporting brief, plaintiff alleged that the failure to timely diagnose and treat Serafin’s abdominal aortic aneurysm “stemmed from the executive and/or medical decisions of” St. John-Wayne. We note that plaintiff’s assertion on appeal that the sole injury is the death is inconsistent with both her allegation that Serafín experienced a seizure in Macomb County because of defendants’ malpractice and the fact that she is seeking damages for the pain and suffering endured by Serafín before his death.