TAHA v BASHA DIAGNOSTICS, PC

Docket No. 266016. Submitted December 27, 2006, at Lansing. Decided
    February 6, 2007. Approved for publication March 27, 2007, at
    9:15 a.m.

Ghassan Taha brought a medical-malpractice action in the Wayne
    Circuit Court against Basha Diagnostics, P.C., and Adolfo Melicor,
    M.D., alleging that their failure to properly read an x-ray of his
    wrist resulted in treatment that caused further injury. The trial
    court, William J. Giovan, J., granted the defendants' motion to
    change venue from Wayne County, where the wrist injury was
    allegedly mistreated, to Oakland County, where the x-ray was read.
    The plaintiff appealed by delayed leave granted.

The Court of Appeals held:

Venue was proper in Wayne County, because although the
    alleged malpractice occurred in Oakland County, it was not until
    the plaintiff's physician in Wayne County implemented a treat-
    ment plan in reliance on the x-ray reading that the defendants'
    alleged breach of the standard of care actually resulted in an injury
    to the plaintiff.

Reversed and remanded for further proceedings in the Wayne
    Circuit Court.

VENUE — PERSONAL INJURY — MEDICAL MALPRACTICE — ORIGINAL INJURY.

In a medical-malpractice action, the "original injury" for the purpose
    of establishing venue is the corporeal harm that results from the
    defendant's alleged failure to comply with the recognized standard
    of care (MCL 600.1629[1][a]).

*Allan Falk, P.C.* (by *Allan Falk*), for the plaintiff.

*Blake, Kirchner, Symonds, Larson, Kennedy &
Smith, P.C.* (by *Meria E. Larson* and *Frank J. Lagrou*),
for the defendants.

Before: BORRELLO, P.J., and JANSEN and COOPER, JJ.

JANSEN, J. In this medical-malpractice action, plaintiff appeals by delayed leave granted the trial court's order granting defendants' motion to change venue from Wayne County to Oakland County pursuant to MCL 600.1629(1)(a). We reverse and remand for further proceedings. This appeal is being decided without oral argument. MCR 7.214(E).

In general, we review for clear error a trial court's decision to grant a motion to change venue. *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). To the extent that the question involves statutory interpretation, our review is de novo. *Colucci v McMillin*, 256 Mich App 88, 93-94; 662 NW2d 87 (2003). The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. *Id.* at 94. A court must first examine the specific language of the statute, giving effect to its ordinary and generally accepted meaning. *Karpinski v St John Hosp-Macomb Ctr Corp*, 238 Mich App 539, 543; 606 NW2d 45 (1999). If the statute is unambiguous on its face, a court must apply it as written. *Colucci, supra* at 94; *Karpinski, supra* at 543.

For purposes of this case, MCL 600.1629(1)(a) provides that venue in tort and other legal actions seeking damages for personal injury, property damage, or wrongful death is proper in "[t]he county in which the original injury occurred" and in which "[t]he defendant resides, has a place of business, or conducts business[.]" MCL 600.1629(1)(a)(*i*). Thus, the venue statute specifically requires a determination of the place where "the original injury" occurred. However, the phrase "original injury" is not defined in the statute. *Karpinski, supra* at 543. In the tort context, the word "injury" is generally understood to mean " '[a]ny wrong or damage done to another, either in his person, rights, reputation, or

property.' " *Id.*, quoting Black's Law Dictionary (6th ed), p 785. The modifying word "original" means " 'belonging or pertaining to the origin or beginning of something,' " or " 'first in order.' " *Karpinski, supra* at 544 (citations omitted). Accordingly, to determine venue in tort actions, it is necessary to identify the actual place of occurrence of the damage or injury that gives rise to the plaintiff's cause of action.

In *Karpinski, supra*, the decedent was allegedly misdiagnosed at a hospital in Macomb County, then died of a ruptured aneurysm while being transported to a hospital in Wayne County. The plaintiff sued the Macomb County hospital for medical malpractice in the Wayne Circuit Court, alleging that hospital staff had failed to timely diagnose and treat the decedent's condition. *Id.* at 540-541. The defendants filed a motion to transfer venue to Macomb County, which the trial court denied. *Id.* at 541. However, this Court reversed, concluding that the "original injury" had occurred in Macomb County, where the medical malpractice occurred, rather than in Wayne County, where the decedent's death occurred. *Id.* at 544-546. As the *Karpinski* Court explained, the "Legislature clearly did not intend to allow venue to be established in any county where the plaintiff continues to suffer from an injury." *Id.* at 546.

Partially relying on *Karpinski*, defendants suggest that venue is proper in Oakland County because the original injury was the misreading of the x-ray and because plaintiff merely "continue[d] to suffer an injury" in Wayne County. We disagree.

Plaintiff alleged in his complaint that he fell and injured his left wrist. Dr. Sinan treated plaintiff for his wrist injury in Wayne County. An x-ray was taken in Wayne County, but was sent to be read by defendants in

Oakland County. Defendants allegedly misread the x-ray, and communicated their findings to Dr. Sinan. Dr. Sinan remained at all relevant times in Wayne County, where he then began to treat plaintiff in reliance on defendants' alleged failure to properly read the x-ray.

The case at bar is a medical-malpractice action. In the medical-malpractice context, it is clear that the plaintiff's injury is not merely the defendant's alleged failure to meet the recognized standard of care. Instead, the plaintiff's injury is the corporeal harm *that results from* the defendant's alleged failure to meet the recognized standard of care. For instance, MCL 600.2912a(1)(a) distinguishes the defendant's alleged failure to comply with the applicable standard of care from the plaintiff's actual injury by requiring the plaintiff to prove that "as a proximate result of the defendant failing to provide [the applicable standard of care], the plaintiff suffered an injury." The notice-of-intent rule likewise distinguishes the defendant's alleged failure to comply with the standard of care from the plaintiff's actual injury by requiring the plaintiff to specify "[t]he manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice." MCL 600.2912b(4)(e). Thus, the damage for which a medical-malpractice plaintiff seeks recovery is not the alleged breach of the standard of care itself, but is rather the injury *resulting from* the defendant's alleged malpractice.

The damage about which plaintiff complains in the case at bar is not the alleged misreading of the x-ray itself, but is the corporeal injury that plaintiff sustained as a result of defendants' alleged negligence. Contrary to defendants' contention, the mere misreading of the x-ray itself resulted in no actual corporeal harm, and

therefore did not constitute an "injury" for medical-malpractice purposes. Similarly, the x-ray misreading, without more, did not become an "injury" within the meaning of MCL 600.1629 until it *resulted in* an actual injury to the plaintiff. Only when the alleged breach of the standard of practice resulted in actual harm—at Dr. Sinan's office in Wayne County—did plaintiff suffer an "original injury" for the purpose of establishing venue.

In sum, the location of plaintiff's treatment by Dr. Sinan following defendants' services was determinative of venue in this case. Not until Dr. Sinan designed a treatment plan or course of therapy for plaintiff in reliance on the x-ray interpretation did defendants' alleged breach of the standard of care actually result in an "injury" to plaintiff. The trial court incorrectly ruled that the physical location of defendants' x-ray interpretation was determinative of venue.[1]

The "original injury" for purposes of MCL 600.1629(1)(a) was the physical harm to plaintiff that occurred as a result of defendants' alleged misinterpretation of the x-ray. This harm did not occur until plaintiff received treatment from Dr. Sinan, who relied on defendants' alleged error. Venue was proper in Wayne County, where plaintiff suffered an "original injury" that resulted from defendants' allegedly negli-

---

[1] We wish to make clear that plaintiff's initial wrist injury, which allegedly occurred when plaintiff fell in Wayne County, is not determinative of venue in this case. The initial wrist injury itself did not give rise to this medical-malpractice action against defendants. Indeed, the place, time, and manner of the initial wrist injury is wholly irrelevant to determining venue in this action based on defendants' alleged failure to comply with the standard of care. It is evident that for the purposes of medical malpractice, the "original injury" is the claimed act of malpractice itself, and is not the particular ailment that brought the plaintiff into the doctor's care in the first instance.

gent services. We remand for reinstatement of this action in the Wayne Circuit Court.

Reversed and remanded for further proceedings. We do not retain jurisdiction.