KELLY, J.
(concurring in part and dissenting in part). I agree that “original injury” as used in the tort venue statute[1] is not synonymous with the breach of a duty and that venue here is proper in Oakland County. But I disagree with the majority’s conclusion that the “original injury” for venue purposes occurred when plaintiff Dimmitt & Owens Financial, Inc. (Dimmitt) became unable to meet its financial obligations and elected to liquidate its assets.
The majority focuses on when Dimmitt’s damages emanating from the original injury became manifest. *633 But I find that the original injury occurred earlier, when Dimmitt made investment decisions in reliance on the allegedly negligent audit report of defendant Deloitte & Touche (ISC), L.L.C. The Court of Appeals reached a substantially similar conclusion when it stated that “plaintiffs suffered the original injury when they relied on defendants’ allegedly faulty information in making investment decisions. The alleged damages flowed from this original injury, which occurred at Dimmitt’s place of business in Oakland County.”[2]1 would affirm the Court of Appeals conclusion.
The majority relies heavily on Henry v Dow Chem Co[3] to redefine the phrase “original injury” as “actual,” rather than “potential,” injury.[4] I have several objections to this reliance on Henry.
First, I fail to see how Henry is relevant to determining venue. There, a majority of the Court refused to recognize a cause of action for medical monitoring. But venue is “a matter of convenience,”[5] not a question of whether a plaintiff has stated a legally cognizable cause of action.[6] Were venue tied to the legal sufficiency of a complaint, no plaintiff would ever have a forum in which to make “a good-faith argument for the exten *634 sion, modification, or reversal of existing law,” which is something Michigan’s court rules expressly allow.[7]
Second, the majority in Henry effectively equated actual injury with manifest injury.[8] In his dissent in Henry, Justice CAVANAGH explained that injuries to legally protected interests are actual injuries, even when their manifestation is latent.[9]1 joined the dissent in Henry and continue to disagree with the majority’s definition of injury in that case to exclude latent injuries.
Third, the majority in Henry noted that this Court had not “finely delineated the distinction between an ‘injury’ and the ‘damages’ flowing therefrom ... ,”[10] The majority in Henry then immediately conflated the two.[11] But the words “injury” and “damages” appear in separate elements of the cause of action for negligence.[12] And “injury” in the first instance is a “violation of another’s legal right. . . .”[13] Damages may eventually emanate from the violation.
*635 In this case, the original injury to plaintiff occurred when it made business decisions in reliance on an allegedly negligent audit. Plaintiff, a business entity, had a right to expect that the audit results were correct and to make its business decisions on the basis of those results. Plaintiff was initially injured when it exercised this right. Damages followed.
This conclusion is in line with the Court of Appeals decision in Taha v Basha Diagnostics, PC,[14] which the majority quotes with approval.[15] The plaintiff in Taha was treated for a broken wrist in Wayne County. In beginning the treatment, plaintiffs physician relied on x-rays that the Oakland County defendants misread. The Court of Appeals held that “the location of plaintiffs treatment by [his doctor] following defendants’ services was determinative of venue in this case.”[16] The “actual harm” occurred “at [his doctor’s] office in Wayne County.”[17] While the Court of Appeals alternatively referred to plaintiffs “corporeal injury,”[18] it never identified that injury separately from the treatment of plaintiffs pre-existent broken wrist.
The plaintiff in Taha was entitled to receive proper medical treatment based on a correct reading of his x-ray. He was injured when an improper treatment plan was devised on the basis of an incorrect radiological reading. Thus, the original injury in Taha was the ineffective treatment devised in reliance on the negligent radiological reading. As a result of that injury, the plaintiff claimed some unspecified damage to his already broken wrist.
*636 Acts done in reliance on someone’s negligence may not always be at stake in tort venue cases. Additionally, the distinction between injury and damages may not always be relevant in determining the proper venue. In this case, both the original injury and the damages following from that injury occurred in Oakland County, where both Dimmitt and its investors’ organization, plaintiff JMM Noteholder Representative, L.L.C., had their headquarters. Nevertheless, it is important not to conflate injury and damages, because the tort venue statute speaks of “original injury,” and damages follow only after that original injury has occurred. Under the current tort venue statute, when and where damages manifest themselves is not important for venue purposes.
I would affirm the Court of Appeals decision.
CAVANAGH, J. I would deny leave to appeal.

 MCL 600.1629(l)(a) and (b).

 Dimmitt & Owens Financial, Inc, v Deloitte & Touche (ISC), LLC, 274 Mich App 470, 480; 735 NW2d 288 (2007).

 Henry v Dow Chem Co, 473 Mich 63, 72-73; 701 NW2d 684 (2005).

 Ante at 631.

 Peplinski v Employment Security Comm, 359 Mich 665, 668; 103 NW2d 454 (1960).

 In order to avoid the plaintiffs’ showing financial injury for the cost of medical monitoring, the majority in Henry unjustifiably attempted to limit Michigan negligence law to cases showing “present physical injury.” Henry, 473 Mich at 75, 78. If Michigan law were so limited, the instant claim for accounting malpractice would not be cognizable in Michigan because plaintiffs have no basis to allege present physical injury.

 MCR 2.114(D)(2).

 Henry, 473 Mich at 84, 100-101.

 Id. at 110 (CAVANAGH, J., dissenting) (citing cases from other jurisdictions).

 Id. at 75 (majority opinion).

 Id.

 The elements of a cause of action for negligence are:
1. The existence of a legal duty by defendant toward plaintiff;
2. the breach of such duty;
3. the proximate causal relation between the breach of such duty and an injury to the plaintiff; and
4. the plaintiff must have suffered damages. [Lorencz v Ford Motor Co, 439 Mich 370, 375; 483 NW2d 844 (1992) (citations omitted; emphasis added).]

 Black’s Law Dictionary (7th ed).

 Taha v Basha Diagnostics, PC, 275 Mich App 76; 737 NW2d 844 (2007).

 Ante at 629-630.

 Taha, 275 Mich App at 80.

 Id.

 Id. at 79.