*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE ANN MIDDLETON,

UNPUBLISHED
July 28, 2022

Plaintiff-Appellee,

v

No. 356829
Bay Circuit Court
LC No. 20-003272-NO

KENNETH ARTHUR TEMPLE and OGEMAW
COUNTY EMS,

Defendants-Appellants.

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendants, Kenneth Arthur Temple and Ogemaw County EMS, appeal by right the trial court's order denying their motion for summary disposition brought under MCR 2.116(C)(7), (8), and (10). We reverse and remand for entry of judgment in favor of defendants.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On the morning of June 22, 2017, defendant Temple was transporting a patient to the hospital in an Ogemaw County EMS ambulance. With the ambulance's emergency lights and sirens activated, Temple, driving east, approached an intersection with a red light. According to Temple, he slowed the ambulance to approximately five miles per hour and "visually cleared the intersection" by looking both ways before proceeding through the red light. Plaintiff was driving her car southbound through the intersection and struck the ambulance on its left side. Plaintiff testified that she had a green light and that as she was approaching the light, she did not notice any lights or sirens or see any other vehicles yielding to an ambulance. Plaintiff further testified that it was only upon entering the intersection that she saw the ambulance's lights. She then slammed on her brakes in an unsuccessful attempt to avoid the collision. According to plaintiff, the ambulance was "flying through" the intersection. She could not recall whether she looked in all directions when entering the intersection.

A nonparty witness who spoke with the police at the time of the accident averred in her affidavit that the ambulance made itself "clearly visible" to other cars with its lights and sirens, that all other cars pulled over to yield to the ambulance, and that the ambulance slowed down to

-1-

check for oncoming traffic as it approached the intersection. In an affidavit, a police officer who interviewed witnesses at the accident scene opined that "[h]ad [plaintiff] been paying closer attention to her surroundings, she would have been able to see and hear the ambulance, as everyone else around her did, and she would have been able to yield to the emergency vehicle and avoid the accident." The officer also "determined that the ambulance driver did everything correctly under the circumstances and was not negligent in any way."

Plaintiff sued Temple and Ogemaw County EMS for damages related to injuries that she alleged were caused by Temple's negligent driving. Defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10). Defendants argued that to the extent that plaintiff alleged ordinary negligence by Temple, he was shielded by governmental immunity. And even if plaintiff had pleaded gross negligence in avoidance of immunity, plaintiff's claim still failed because she did not establish that Temple drove the ambulance in a grossly negligent manner. Defendants also argued that Temple was entitled to governmental immunity because his conduct was not the proximate cause of plaintiff's injuries. Defendants further contended that Ogemaw County EMS was protected by governmental immunity because Temple did not engage in ordinary negligence in operating the ambulance and because Temple was not the proximate cause of the accident. Finally, defendants asserted that they were separately entitled to summary disposition under the no-fault act, MCL 500.3101 *et seq.*, because plaintiff failed to demonstrate that she had suffered a serious impairment of a body function.

The trial court denied defendants' motion for summary disposition. The court determined that plaintiff's complaint failed to state a claim of gross negligence, but the court sua sponte allowed plaintiff 30 days to amend the complaint to plead such a claim. The trial court also found that plaintiff had presented evidence sufficient to create a genuine issue of material fact regarding whether Temple was grossly negligent and whether Temple's conduct was the proximate cause of plaintiff's injuries. Lastly, the court found that plaintiff had established a question of fact regarding whether she had suffered a serious impairment of a body function. Subsequently, plaintiff amended her complaint to add a claim of gross negligence. This appeal followed.

II. ANALYSIS

Defendants first argue that the trial court erred by denying the motion for summary disposition with respect to Ogemaw County EMS because the agency was entitled to governmental immunity as a matter of law. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "The applicability of governmental immunity is a question of law that is also reviewed de novo." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 433; 824 NW2d 318 (2012). Summary dismissal of a claim is appropriate when a defendant enjoys "immunity granted by law." MCR 2.116(C)(7). In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), this Court discussed (C)(7) motions, explaining:

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be

accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

In *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391-392; 822 NW2d 799 (2012), this Court recited the well-established principles concerning governmental immunity:

Except as otherwise provided, the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function. The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency. A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions. An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a governmental function. This Court gives the term "governmental function" a broad interpretation, but the statutory exceptions must be narrowly construed. A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity. [Quotation marks and citations omitted.]

In this case, the motor-vehicle exception to governmental immunity, MCL 691.1405, was implicated, and it provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.]"

Defendants argue that plaintiff failed to establish a genuine issue of material fact regarding whether Temple breached his duty of care as a driver of an emergency vehicle. "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke*, 489 Mich at 162. The general standard of care in a negligence case consists of a duty to exercise "reasonable or due care." *Moning v Alfono*, 400 Mich 425, 443; 254 NW2d 759 (1977).

The Legislature, however, has provided more specific guidance with regard to the duties of the driver of an authorized emergency vehicle. MCL 257.603 provides, in pertinent part:

(2) The driver of an authorized emergency vehicle when responding to an emergency call, but not while returning from an emergency call, . . . may exercise the privileges set forth in this section, subject to the conditions of this section.

(3) The driver of an authorized emergency vehicle may do any of the following:

* * *

        (b) *Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation.*

        (c) Exceed the prima facie speed limits so long as he or she does not endanger life or property.[1]

        (4) The exemptions granted in this section to an authorized emergency vehicle apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren, air horn, or exhaust whistle as may be reasonably necessary . . . . [Emphasis added.]

Other drivers on the roadway have a duty to "yield the right of way" and move to the right edge of the roadway when an authorized emergency vehicle is approaching with its lights and sirens activated. MCL 257.653(1)(a). This duty to yield, however, "does not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of persons using the highway." MCL 257.653(2).

In this case, the trial court erred by determining that there was a question of fact regarding whether Temple "slow[ed] down as may be necessary for safe operation" of the ambulance. See MCL 257.603(3)(b). The only evidence that plaintiff presented to show that Temple breached the duty of care was plaintiff's deposition testimony that the ambulance was "flying through" the intersection. This vague, non-contextual assertion, viewed in a light most favorable to plaintiff, was insufficient to create a genuine issue of material fact in regard to whether the ambulance Temple was driving slowed down "as may be necessary for safe operation" before proceeding through the red light at the intersection. Plaintiff admitted that she did not see the ambulance until she was already in the intersection, which is when the collision occurred. Plaintiff presented no evidence with respect to Temple's conduct as his ambulance approached the intersection *before* plaintiff saw it. On the other hand, Temple and the nonparty witness each stated in affidavits that Temple slowed down before proceeding through the red light.[2]

Interpreting plaintiff's testimony that the ambulance was "flying through" the red light to mean that Temple failed to "slow down as may be necessary for safe operation" requires too much speculation for purposes of summary disposition due to lack of specificity. MCR 2.116(G)(4) requires that plaintiff "set forth *specific facts* showing that there is a genuine issue for trial." (Emphasis added.) And "parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App

---

[1] MCL 257.632 similarly authorizes an exemption from the speed limit for ambulances traveling in an emergency. But the exemption does not "protect the driver of the vehicle from the consequences of a reckless disregard of the safety of others." MCL 257.632.

[2] There was no genuine issue of material fact with regard to whether Temple had activated the ambulance's lights and sirens—they were activated.

482, 486; 502 NW2d 742 (1993). Plaintiff provided no evidence estimating the speed the ambulance was traveling when she hit it, i.e., she failed to set forth specific facts. And even if Temple were exceeding the speed limit, that action was authorized so long as he did not "endanger life or property." MCL 257.603(3). A juror would have to engage in speculation and conjecture to find a breach of care. Considering all of the evidence, we conclude that the trial court erred by determining that there was a genuine issue of fact regarding whether Temple was negligent.

Our ruling effectively dispenses of or resolves all the other arguments raised by defendants on appeal. Because as a matter of law Temple did not operate the ambulance in a negligent manner, defendants' causation arguments are rendered moot. Also, Temple himself is entitled to summary disposition as he was shielded by governmental immunity because he necessarily was not *grossly* negligent in operating the ambulance, MCL 691.1407(2)(c).[3] Finally, the issue concerning whether plaintiff suffered a serious impairment of body function is also moot as the associated claim for noneconomic damages fails because there is no genuine issue of fact that liability was not established. See MCR 2.116(C)(10).

We reverse and remand for entry of an order granting summary disposition in favor of defendants. We do not retain jurisdiction. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

---

[3] "[E]vidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999). Here, ordinary negligence was not even demonstrated.